Prezinger *v.* Harness.

Filed June 26, 1888.

---

No. 13,107

## Prezinger *v.* Harness.

COUNTY COMMISSIONERS.—*Special Session.—Drainage Proceedings.—Presumption.*—Where the board of county commissioners meets in special session and transacts business which the law authorizes it to transact at a special session (such as acting upon petitions for drains under the act of 1875, 1 R. S. 1876, p. 428), it will be presumed, in the absence of a showing to the contrary, in support of the proceedings when collaterally questioned, that it was duly convened.

SAME.— *When Proceedings at Special Session are Invalid.*—It is‐only where the business is such as can only be transacted after giving notice, and in which adversary proceedings may be had, and for the transaction of which at a special session no express statutory authority exists, that the board can not lawfully act at a special session. *City of Vincennes* v. *Windman*, 72 Ind. 218, distinguished.

DRAINAGE.— *Notice.—Erroneous Names.—Quieting Title.— Tender.*—Where the notice in drainage proceedings, instituted before the board of commissioners under the act of 1875, is defective by reason of wrong and inaccurate names of land-owners being given, yet if the board has adjudged it sufficient, and has proceeded to establish the drain, the proceedings are not void as to one who received proper notice, and if the latter's land has been sold under an assessment, he can have his title quieted against the purchaser, if there are irregularities justifying such action, only by paying or tendering the amount due from him.

SAME.— *Acquiescence.— Waiver of Irregularities.— Estoppel.—* A party who stands by, without objecting, until after a drain, beneficial to his land, has been constructed in good faith under color of statutory proceedings, and until the rights of others have intervened, will be deemed to have waived all irregularities in the proceedings for the establishment of the drain.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers*, for appellant.

*S. T. McConnell, D. B. McConnell, D. D. Dykeman, W. T. Wilson* and *G. C. Taber*, for appellee.

MITCHELL, C. J.—Harness complained of Prezinger, in the court below, and charged that the latter was, without any right, asserting some adverse title, claim or interest in certain lands of which the former was the owner, thereby casting a cloud upon the plaintiff's title, which he prayed might be quieted. There was a judgment for the plaintiff, and a decree quieting the title, according to the prayer of the complaint.

The evidence was incorporated in a duly authenticated bill of exceptions, which is properly certified to this court. *Wagoner* v. *Wilson*, 108 Ind. 210.

It appears therefrom that, in the year 1876, certain petitions were filed, and proceedings had, before the board of commissioners of Cass county, for the location and estab-

lishment of a drain, or rather of several drains, which are said to constitute practically one system of drainage. These proceedings were instituted and carried on under the act of 1875, 1 R. S. 1876, p. 428. One set of viewers was appointed to examine and report upon the several ditches petitioned for, and in due time the report of the viewers was filed with the auditor. Thereupon, the auditor gave notice of the pendency and prayer of the several petitions, and that the hearing had been set for the 15th day of December, 1877, that being a date when the board would not be in regular session, according to the law fixing the time for the sessions of the board of commissioners of Cass county. The board met at the time appointed for the hearing, and, remonstrances against the report of the viewers having been filed, reviewers were appointed. Subsequently, at the regular March term, the remonstrances were withdrawn, and after finding, in effect, that sufficient notice of the intention of the petitioners to make their several applications for the ditches, theretofore petitioned for, had been given, the board found that the several ditches were necessary and conducive to public health, etc., and ordered the drains to be established as prayed for.

The report of the viewers allotted the construction of certain portions of the ditch to the appellee, Harness. The construction of the portions so allotted was afterwards, owing to the failure of the appellee to perform the work allotted him, duly awarded by contract to one Newhouse. The work was constructed by the contractor and duly accepted, the amount of the cost thereof placed upon the tax duplicate, and the appellee's real estate, against which the amount was assessed, duly sold, and bid in by Prezinger, who in due time received a deed. To remove the cloud thus cast upon the title to his land, the appellee commenced this suit. It is contended on his behalf, that the proceedings of the board of commissioners which resulted in a final order establishing the ditch are irregular and void, and,

among the reasons presented, the first one is, that it was not shown that the board of commissioners was legally convened in special session on the 15th day of December, 1877, that being the time appointed in the notice for the hearing of the matters involved in the petitions and report of viewers. This position is not maintainable.

The petitions, report of viewers, and the notice given by the county auditor, together with the several findings and orders of the board made during the progress of the proceedings, were all introduced in evidence. Now, it is doubtless true that some of these matters were considered, and some of the proceedings had, at a special session of the board. They were admitted in evidence, however, and there is nothing disclosed, nor was it necessary that there should have been, touching the manner in which the board of commissioners were convened.

While it is quite true that county commissioners are bodies of special and limited jurisdiction, and that they can only transact business when lawfully convened, yet, in respect to the regularity and legality of their special or called sessions, the same presumptions are indulged, when their proceedings are collaterally assailed, as prevail in favor of the sessions of other courts. *Stoddard* v. *Johnson,* 75 Ind. 20.

The statute under which the proceedings in question were had, expressly authorized boards of commissioners, either at a regular or called session, to cause ditches and drains to be constructed. Where there is authority for holding special or adjourned terms of court, and an adjourned or special term is held under color of authority, the proceedings are not void. *Smurr* v. *State,* 105 Ind. 125.

It has been repeatedly held, that the record need not show that the commissioners were duly served with notice to meet in special session, and that if they actually meet in pursuance of notice from the auditor, the notice and the service thereof become practically unimportant and immaterial. *Wilson* v. *Board, etc.,* 68 Ind. 507 ; *Jussen* v. *Board, etc.,* 95 Ind. 567 ;

*Gipson* v. *Heath,* 98 Ind. 100 ; *Board, etc.,* v. *Brown,* 28 Ind. 161 ; *State, ex rel.,* v. *Board, etc.,* 104 Ind. 123; *White* v. *Fleming, post,* p. 560.

It must follow, when, as here, proceedings of a board are drawn collaterally in question—since the law expressly authorized the proceedings to be had at a special session, for the calling of which due provision had been made—that the presumption will be indulged, at least until the contrary appears, that the board was duly convened. We should seriously question, though we decide nothing now upon the point, whether, as against a collateral attack, the presumption of regularity would not be conclusive until the proceedings were set aside or impeached in some way known to the law. *Heagy* v. *Black,* 90 Ind. 534; *Town of Cicero* v. *Williamson,* 91 Ind. 541 ; *Carr* v. *State, etc.,* 103 Ind. 548.

It constitutes no valid objection to the notice that the hearing was set for the 15th of December, a date when, according to law, the commissioners of Cass county would not be in regular session. The distinction between proceedings such as these here in question, and those involved in *City of Vincennes* v. *Windman,* 72 Ind. 218, was very clearly pointed out in *Jussen* v. *Board, etc., supra.*

Where the statute expressly authorizes the transaction of special or particular business at a called session of the board, even though it be business of a judicial character, which involves the giving of notice by the auditor, since to the auditor is committed the duty of both calling the board in session and of giving the required notice of the business to be considered, there can be no practical difficulty in administering the statute. It is only where the business is such as can only be transacted after giving notice, and in which adversary proceedings may be had, and for the transaction of which at a special session no express statutory authority exists, that the principles which ruled *City of Vincennes* v. *Windman, supra,* are controlling.

It is contended next, that the proceedings were fatally de-

fective for want of proper notices to some of those whose lands were affected by the construction of the several drains. This contention is predicated upon the fact that, in the petitions, notice and other proceedings, some of the lands affected are described as belonging to "Adam Houk's heirs," some as the lands of "Gugle's estate," some as belonging to "——— Armstrong." Other descriptions similar in character appear. It was shown that Adam Houk died before the filing of the several petitions, and that he left two sons and a daughter, to whom the lands described as belonging to his heirs descended. Other names, defectively stated in the proceedings, were also shown.

It is argued that within the rulings in *Wright* v. *Wilson*, 95 Ind. 408, and *Vizzard* v. *Taylor*, 97 Ind. 90, the commissioners' court acquired no jurisdiction as to all those persons described as above, and that as to them and their lands the proceedings were void, and, hence, void *in toto.*

Without delaying to point out the distinction between the present case and those relied on, it must suffice that we say, the authorities do not sustain the position contended for. We concede, of course, that notice, or that which is tantamount to notice, is necessary to confer jurisdiction, and that, where a court proceeds without having acquired jurisdiction, its proceedings are void, in respect to all persons not notified. *Gavin* v. *Board*, etc., 104 Ind. 201.

If, being void as to one or more, the further progress of the work which the proceedings are intended to accomplish is thereby necessarily arrested, they become ineffectual, and may be arrested, by taking the proper steps, as to all.

There is a fundamental difference, however, between proceedings had without any notice and those which follow a defective or insufficient notice—between no notice at all, or notice by a wrong, incomplete or defective name; and equally radical is the distinction between an attempt to arrest proceedings, that may be void as to some third person, before the work which the proceedings direct is completed, and which

can not be completed without the consent of such person, and an attempt to have them adjudged void after the work has been fully completed.

Where the jurisdiction of a court, whether it be a court of limited or general jurisdiction, depends upon the sufficiency and validity of a certain notice or process which it passes upon and holds sufficient, although the decision be entirely erroneous, the proceedings which follow are not on that account void, but are, when questioned collaterally, binding upon all those affected by the judgment finally rendered, to whom there was an apparent attempt made to give notice. *Kleyla* v. *Haskett*, 112 Ind. 515.

The record in the present case shows that a notice therein set out was duly given, and it shows that the board of commissioners adjudged the notice to be sufficient. It can not be, and is not, denied but that the appellee was duly notified. Indeed, it appears that one of the drains belonging to the system was established on his own petition, and some of the irregularities in respect to names are found in the proceedings which he instituted.

It is not disputed but that the persons defectively named have fully constructed such portions of the work as were allotted to them, nor that the drains have been fully completed according to the specifications; nor is there any dispute but that the amount which it cost to construct the work allotted to the appellee has been fully realized in benefits to his land. As no question is made in that regard, we assume the work has been fully completed. The appellee, therefore, so far as we can observe, occupies this position: after seeing the drains fully completed, and while enjoying whatever benefits resulted therefrom, he seeks to escape paying for the share allotted to him, by asserting the invalidity of the proceedings.

He is not in a situation to do this. While such irregularities may have occurred as justify the quieting of his title,

yet, since the proceedings are not absolutely void, the appellee can have his title quieted only upon condition that he pay or tender his proportionate share of the cost of the construction of the ditch, with such penalties and costs as are provided by law in other like cases. *Baker* v. *Clem,* 102 Ind. 109.

The statute in force at the time provided that the sum due the contractor should be entered upon the tax duplicate " against the tract or lot benefited," and that the amount so entered should be collected, as other taxes were collected, by the county treasurer. When so entered, the amount is to be treated as other taxes, with all the incidents which pertain to taxes, including the lien. *Kirkpatrick* v. *Pearce,* 107 Ind. 520 (526); *Brosemer* v. *Kelsey,* 106 Ind. 504, and cases cited.

The authorities fully justify the statement that, where an improvement is made under color of statutory proceedings, unless such proceedings are so totally and palpably void as that the person who made the improvement or performed the work must have proceeded with a degree of recklessness that amounted to bad faith, the property-owner who stood by and received the benefits assessed against his property will be estopped to assert the invalidity of the proceedings without first paying, or offering to pay, the benefits. *Ross* v. *Stackhouse, ante,* p. 200. A suit like this is essentially of an equitable character, and in equity, whatever a party's rights may have been in the beginning, if he has stood by and acquiesced until the rights of others have intervened, he will be deemed to have made an effectual election to waive any and all irregularities that may have arisen during the progress of the proceedings under which rights have been acquired. *Quinlan* v. *Myers,* 29 Ohio St. 500; *Corry* v. *Gaynor,* 22 Ohio St. 584; *Kellogg* v. *Ely,* 15 Ohio St. 64; *Hathaway* v. *Payne,* 34 N. Y. 92.

Having accepted the benefits, he will be deemed to have ratified the proceedings, whatever may have been their character. The plaintiff made no offer to pay. It follows that the finding of the court was not sustained by the evidence.

The judgment is reversed, with costs, with directions to the court below to sustain the appellant's motion for a new trial.

Filed March 29, 1888; petition for a rehearing overruled July 10, 1888.