No. 15,896.

## VICKERY *v.* THE BOARD OF COMMISSIONERS OF HENDRICKS COUNTY.

GRAVEL ROAD.—*Purchase of Toll Road.*—*Action to Enjoin Levying of Tax to Pay for.*—*When Plaintiff is Estopped to Deny Constitutionality of Law.*—Where a resident voter and taxpayer of a township brought suit to enjoin the board of commissioners of the county from levying a tax to pay bonds issued by the county in payment for a toll road purchased under the provisions of the statute, Acts of 1889, p. 276, alleging the unconstitutionality of the act, the plaintiff having delayed bringing the suit until the road had been conveyed to the county and made free, and until the county had paid the purchase-price, and having received all the benefits contemplated by the law, he is estopped from denying the constitutionality of the statute.

From the Hendricks Circuit Court.

*M. W. Hopkins, A. C. Ayres, A. Q. Jones, A. V. Brown* and *L. M. Harvey,* for appellant.

*T. J. Cofer* and *C. C. Hadley,* for appellee.

COFFEY, J.—This was an action by the appellant, in the Hendricks Circuit Court, against the appellee, to enjoin it from levying a tax to pay the bonds issued by the county in payment for a toll road purchased under the provisions of an act of the General Assembly, approved March 8, 1889; Acts of 1889, p. 276.

The court sustained a demurrer to the complaint, and the appellant excepted. This ruling is assigned as error. So much of the complaint as is necessary to present the questions involved in the case is substantially as follows: Upon a proper petition and legal notice, the qualified voters of Marion and Center townships of Hendricks county voted upon the question as to whether the board of commissioners of the county should purchase so much of what was known as the Danville and New Winchester gravel road as was situate in these townships, and convert the

same from a toll road into a free gravel road, under the provisions of the act above named. The election was held on the 12th day of November, 1889, and resulted in a majority in favor of purchasing the road. Pursuant to such petition and election, the board of commissioners did purchase the road for the agreed price of $5,044.71, and paid for the same in the bonds of the county. The company conveyed its road to the county of Hendricks, and after the completion of the purchase this action was commenced. It is alleged in the complaint that the board of commissioners is threatening to, and will, unless restrained by the court, levy a special tax upon the property in Marion township for the purpose of paying the proportionate part of the purchase price of the road assigned to that township, which amounts to the sum of $3,301.03. The appellant is a resident voter and taxpayer of Marion township.

It is alleged that the act of the General Assembly above referred to is unconstitutional, being in conflict with section 1, article 10, of the constitution of the State, the rate of taxation as fixed by this act not being uniform and equal.

We are of the opinion that the question of the constitutionality of this statute is not presented in such a manner as to require a decision upon the point discussed. Out of the reluctance of the courts to pass upon the question of the constitutionality of a statute, has grown the well known rule that such a question will not be decided unless it is necessary to do so in order to determine the case upon its merits. *Parker* v. *State, ex rel.*, 133 Ind. 178.

In the case of *Gilson* v. *Board, etc.*, 128 Ind. 65, it was determined that there was no difference, in principle, between taxation to construct a free gravel road and taxation to purchase a toll road already constructed, for the

purpose of making it free. It was further said that in the passage of this statute the General Assembly took into consideration the fact that those living in the immediate vicinity of the toll road had a special interest in making it free, as they would reap an advantage thereby not enjoyed by those residing in a remote part of the county, and for that reason the law imposed upon the people of the township where the road is situate the burden of paying for the same.

In this case the appellant delayed bringing his suit until the toll road had been conveyed to the county and made free, and until the county had paid the purchase price, and the transaction had been fully completed and closed. He had received all the benefits contemplated by the law, and now seeks to avoid payment for such benefits, and asks the aid of a court of equity for that purpose.

One who receives a benefit under an unconstitutional law is estopped from denying its constitutionality. *Ferguson* v. *Landram*, 5 Bush (Ky.), 230, 1 Bush, 548; *Travis* v. *Ward* (Wash.), 25 Pac. Rep. 908; *Andrus* v. *Board, etc.* (La.), 6 S. Rep. 603; *Desmarais* v. *Board, etc.*, 42 La. Ann. 799; *Dupré* v. *Board, etc.*, 42 La. Ann. 801, 8 S. Rep. 593; *Daniels* v. *Tearney*, 102 U. S. 415.

To present the question of the constitutionality of this act of the General Assembly, we think the action should have been commenced before the gravel road company had parted with its toll road, and before the county had paid for the same, or some excuse for the delay should be given.

Where a party with a knowledge of his rights, either by affirmative acts or by silence, under circumstances where he should speak, encourages or permits others to pursue a course of conduct, or expend money, or alter their condition in contravention of the rights for which

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. *v.* Prewitt.

he contends, he can not call upon the court afterwards for its summary interference. *Palmer* v. *Stumph*, 29 Ind. 329; *Hellenkamp* v. *City of Lafayette*, 30 Ind. 192; *Ricketts* v. *Spraker*, 77 Ind. 371; *City of Logansport* v. *Uhl*, 99 Ind. 531.

It would be manifestly unjust to require Hendricks county to pay for the road, or the owners to lose the purchase price, while the appellant and others, for whose use it was purchased, receive and enjoy all the benefits. Without regard to the question as to whether the statute under consideration is valid or invalid, we think the complaint is bad.

Judgment affirmed.

Filed Dec. 22, 1892; petition for a rehearing overruled June 8, 1893.