Filed Nov. 24, 1893.

———————◆———————

No. 699.

Koons v. Cluggish et al.

Streets and Alleys.—*Improvement Lien.—Complaint, Sufficiency of.—Statute Repealed.—Act of 1869.—Act of 1889.*—Where the theory of a complaint for the foreclosure of a lien alleged to have accrued by reason of certain street improvements, was that the contract was made and work performed under the act of 1869, relating thereto, the complaint was insufficient on demurrer, the contract having been made and work performed under the act of 1889, relating to the same subject and repealing the former act.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

*M. E. Forkner* and *W. E. Jeffrey*, for appellees.

DAVIS, J.—In and prior to April, 1891, the appellant was the owner of a parcel of land containing one acre situate in the town of Mooreland, Henry county, Indiana. The street on which said real estate fronts, was improved during that year by appellees as contractors, under order of the board of trustees of said town. The assessment against appellant's real estate, on account of said improvement, amounted to $61.56. The description indicates that the real estate was unplatted and extended back more than one hundred and fifty feet.

We have not deemed it necessary to set out the substance of the averments in the complaint. Suffice it to say the theory of the complaint is that, by reason of the improvement of the street, under the provisions of the act of 1869, appellees acquired a lien on all of said real estate, and that they were entitled to a foreclosure of the lien against the real estate, and to personal judgment against appellant.

It is not necessary to consider or discuss, at this time, the question whether appellees, under the act of 1869, were entitled to personal judgment. The record discloses that there was no foreclosure of the lien, and that personal judgment was rendered against appellant for the amount of the assessment. This appears to have been done without objection or exception.

The first error discussed by counsel, is that the court below erred in overruling appellant's demurrer to the complaint.

The main and controlling question which is presented by this assignment, for our consideration, is whether the act in force April 27th, 1869, in relation to the improvement of streets in towns, was repealed by implication by the act providing for the improvement of streets in cities and towns approved March 8th, 1889, p. 237.

It is conceded, by counsel for appellees, that the street

improvement, which forms the basis of this action, was made under the act of 1869. Sections 3364, 3365 and 3366, R. S. 1881.

If that act was repealed by implication, by the act of 1889, the complaint is insufficient. Elliott's Supp., sections 812 to 822, inclusive.

The act of 1889 covers the whole subject-matter of the former law, as will be seen by a comparison of the two acts. The act of 1869 required a petition by "a majority of all the resident owners," etc. Section 3364, *supra.*

The act of 1889 requires a petition by the resident "owners of two-thirds," etc. Section 812, *supra.*

Under the act of 1869 the lien of the assessment attached to the entire lot or tract fronting on the street, whether platted or not. Section 3365, *supra.*

On the failure to pay such assessment it was provided, in the language of the act, that the contractor "may immediately, by suit in any court of competent jurisdiction, recover against such owners of lots or parcels of land the amount of such estimate," and further provides for the sale of such lot or tract on the judgment. Section 3366, *supra.*

Under the act of 1889, the lien attaches to the lots or land fronting on the street, but as to the improvement "along or through any unplatted land" the lien extends "back to the distance of one hundred and fifty feet from such front line" only. Section 814, *supra.*

Under the act of 1869 there was no lien in favor of the town. The lien was in favor of the contractor alone. Section 3366, *supra.*

Under the act of 1889 the lien is in favor of the "incorporated town and contractor." Section 814, *supra.*

The owner may pay the whole or any part of the assessment when the improvement is completed, or, on fail-

ure so to do, the amount so assessed is placed on the tax duplicate. Section 818, *supra*.

The town may pay for the improvement, or any part of it, out of the general revenue of the town. Section 816, *supra*.

Or, the town may issue certificates to the contractor, who may foreclose the lien and collect the assessment. Sections 814 and 820, *supra*.

It will be observed that the act of 1889 is more comprehensive than the act of 1869. The act of 1869 does not provide for any notice in relation to either the petition, improvements or assessment, except "advertising to receive proposals" for the performance of the work. Section 3364, *supra*.

The act of 1889 provides for notice to the property-owners, in certain contingencies at least, before the improvement is made, and also for another notice, in all cases, after the completion of the work and before the assessment is made. Sections 813, 818, Elliott's Supp.; Acts 1891, p. 323, section 2. See *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *De Puy* v. *City of Wabash*, 133 Ind. 336, 32 N. E. Rep. 1016.

The title of the act of 1889 contains, among other things, the following: "And repealing all conflicting laws."

The only act prior thereto on the subject of improvement of streets in towns was the act of 1869. This is the only law which could have been in conflict, in any respect, as to improvement of streets in towns, with the act of 1889. The Legislature evidently intended the act of 1889 as a substitute for the act of 1869. The provisions of the two acts are, in some respects, as indicated in the foregoing partial review, inconsistent and repugnant. While the new statute, as before stated, covers the same subject-matter as the older statute, and is more

specific and comprehensive, the provisions in the later act which are inconsistent with or different from the provisions of the former act, can not, in our opinion, be so reconciled as to permit both to stand.

In this connection, the statement of Judge COFFEY is applicable: ''Underlying all the rules for the construction of statutes is the cardinal and general one, that in construing a statute the court will seek to discover and carry out the intention of the Legislature in its enactment. In the search for that intention, the court will look to each and every part of the statute; to the circumstances under which it was enacted; to the old law upon the subject, if any; to the other statutes upon the same subject or relative subjects, whether in force or repealed; to contemporaneous legislative history, and to the evils and mischiefs to be remedied.'' *Barber, etc.,* v. *Edgerton,* 125 Ind. 455.

Also, we quote the pertinent language of Judge NIBLACK, in another case: ''It is true, as insisted, that repeals by implication are not favored in the construction of statutes. * * * It is, nevertheless, a well-recognized rule of statutory construction, that where a new statute covers the subject-matter of an older statute, and contains some provision or provisions inconsistent with, or different from it, the new statute operates as an implied repeal of the older one.'' *Crowell* v. *Jaqua,* 114 Ind. 246.

The rule is thus stated in *Water Works Co.* v. *Burkhart,* 41 Ind. 364 (383): ''It must appear that the subsequent statute revised the whole subject-matter of the former one, and was evidently intended as a substitute for it, or that it was repugnant to the old law. In other words, it must appear that it was the intention of the law makers to repeal the former law. When that

appears, the will of the law makers is just as manifest as if it had been shown by express words.''

We think it is clear that the purpose of the act of 1889 was to prescribe a comprehensive and uniform system of procedure for the improvement of streets in cities and towns, and that the Legislature intended that the provisions thereof should be a substitute for the former act, and that all laws in conflict therewith should be repealed. Therefore, when the principles enunciated in the cases cited are applied, we are of the opinion, after careful consideration and mature reflection, that the act of 1869 was repealed, by implication, by the act of 1889.

This conclusion is, as we construe it, in harmony with the reasoning of Judge ELLIOTT in the case of *Robinson* v. *Rippey*, 111 Ind. 112, relied on by counsel for appellee.

In that case it was insisted that the gravel road law of March 3, 1877, was repealed by the act of April 8, 1885, p. 162, but in the latter act there was the following proviso: ''This act is not intended to repeal any law now in force for the construction of gravel or macadamized roads.''

It was there held ''that the enactment of the new statute covering the whole subject is an expression of an intention to repeal the old law,'' but that the rule did not apply where it was unequivocably asserted in the act that there was no intention to repeal the old law. In this case the act of 1889 not only covers the whole subject, but there is in addition the intention expressed in the title, for whatever it may be worth, whether much or little, that all conflicting laws were repealed.

We can not declare that the law of 1869 was not repealed by the act of 1889, without ignoring the familiar rule, above stated, ''that the enactment of a new statute

covering the whole subject is an expression of an intention to repeal the old law,'' and also disregarding the words in the title supporting this view.

The repeal of the law of 1869 by the act of 1889, by implication, in our opinion, which we state in the language used by the court of appeals of New York, "will not operate as a repeal, so as to affect a duty accrued under the prior law, although as to all new transactions the later law will be referred to as the ground of obligation.'' In re Prime's Estate, 32 N. E. Rep. 1091 (1093). See, also, People v. Wilmerding, 32 N. E. Rep. 1099.

The statutes conferring power to make assessments for street improvements are strictly construed. Niklaus v. Conkling, 118 Ind. 289.

While it is perhaps true, on the facts stated in the complaint, that appellant, having received the benefits, should, in equity and good conscience, pay for the improvement, yet the court can not make contracts for parties, nor create a legal or equitable liability. The courts can only afford the remedy where the right exists by reason of the contract or conduct of the parties, or growing out of some statutory enactment, or created in some other recognized manner. The interest of appellees should have admonished them to ascertain that the proceedings were such as would create a binding obligation on some one to pay for the work, before entering into the contract. Kiphart v. Pittsburgh, etc., R. W. Co., 7 Ind. App. 122.

The appellees have not, and, in view of the conclusions reached, perhaps can not bring the case within the rule stated in Prezinger v. Harness, 114 Ind. 491, and other similar cases.

All we now decide, however, is that the complaint does not state facts sufficient to constitute a cause of action.

Judgment reversed, with instructions to sustain demurrer to complaint.

GAVIN, C. J., did not participate in the decision of this case.

Filed June 23, 1893; petition for a rehearing overruled Nov. 23, 1893.