Filed March 13, 1896.

---

No. 1,769.

## Cluggish et al. *v.* Koons.

ESTOPPEL — *Street Improvement Made Under Repealed Statute.*— Where a street improvement is ordered by a town board under a statute at the time repealed by implication, and the contract for said improvement let to a contractor, who, prior to the commencement of the work, consulted an attorney and was informed and believed that all of the proceedings were regular and legal, and who, in good faith, entered upon and completed the work according to the plans and specifications of the board, and the abutting property owner stood by and agreed to the work and encouraged it such property owner will be estopped from denying the authority of the town board to make such contract.

APPELLATE PROCEDURE.—*Records of Appellate Court.—Court Takes Judicial Knowledge Of.*—The Appellate Court takes judicial knowledge of its own records, and may inspect the same in the consideration of a case before it, either on its own motion or at the suggestion of counsel.

SAME.—*Statute Construed.—Res Judicata.*—Sections 345 and 658, R. S. 1881 (sections 348 and 670 R. S. 1894), prohibiting a reversal for

overruling a demurrer to a pleading, where it appears from the record that the merits of the case have been fully determined, does not, where a case has been reversed for error in overruling a demurrer to the complaint, render such reversal *res judicata* on a plea of estoppel interposed by the appellee on the former appeal after the demurrer was overruled, the evidence introduced to sustain the plea not having been in the record on the former appeal.

SAME.—*Presumption.—Amended Complaint.*—It will be presumed on appeal that the filing of the amended complaint shown by the record was with the consent of the court.

From the Henry Circuit Court.

*W. E. Jeffrey* and *M. E. Forkner*, for appellants.

*Brown & Brown*, for appellee.

LOTZ, J.—This is the second appearance of this cause in this court. *Koons* v. *Cluggish*, 8 Ind. App. 232. On the former appeal, the position of the parties was in the inverse order, the appellee in this case being the appellant in that, and the appellants here the appellees there.

In the former decision, this court held the complaint insufficient, and reversed the cause, with directions to the lower court to sustain the demurrer to the complaint. When the cause returned to the lower court, the plaintiffs filed an amended complaint. The defendant's demurrer for want of facts was sustained to the complaint, and plaintiffs failing to plead further, final judgment was rendered against them. The appeal is prosecuted from this judgment, and the ruling on the demurrer is the error assigned.

The complaint avers, in substance, that on the 14th day of April, 1891, the defendant was the owner of a certain tract or parcel of land, situate within the corporate limits of the town of Mooreland, Henry county, Indiana, which land fronted upon Broad street in said town; that on said day a petition was filed with the board of trustees of said town, signed by a majority

of all the resident owners of lots and parcels of land fronting on said street, praying for the improvement of said street between given points, by grading and graveling the same, the distance being more than one square in length; that the board granted the prayer of the petition, and passed an ordinance directing the improvement to be made in accordance with plans and specifications adopted, and the clerk of said town, gave due notice of the time of letting the contract for the construction of the improvement, and the plaintiffs were awarded the contract therefor, and gave bond to secure the fulfillment of the same;. that, in pursuance of such contract, the plaintiffs entered upon and made the improvement in accordance with the plans and specifications of said board, and that the work was approved and accepted; that the amount of the cost of such improvement, duly apportioned to the defendant's tract of land was $61.56, which was its just proportion; that more than ten days have expired since the assessments were made, and that the plaintiff demanded payment therefor, which was refused, and that the same is due and wholly unpaid. Copies of all the proceedings had before the board were made exhibits to the complaint.

The averments of the amended complaint are the same as the original complaint to this point. The amended complaint contains these additional averments:

"And the plaintiffs aver that they entered into said contract and did said work without any knowledge in fact as to the law under which it was being done, and in good faith, believing that said law named in the complaint was in full force and effect, and the defendant stood by, and was present, at the doing of said work, and made no objections to the same, and that by reason of said street improvement her property

was and is benefited to the full amount of said assessment. Plaintiffs further aver that the defendant, long prior to the improvement herein set out, removed her fence along said street, and set it back therefrom a distance of six feet, thereby making the street wider the whole length of her said property, and allowed and permitted the public generally, and especially the citizens of Mooreland, Indiana, to use said strip aforesaid, for street and sidewalk purposes, for travel by horses drawing wagons and buggies, and for pedestrians, long before the improvement by these plaintiffs; that, when the plaintiffs commenced work on said street, said defendant demanded of them pay for said strip of ground aforesaid, so thrown out and dedicated, as aforesaid; thereupon said plaintiffs informed the defendant that she would have to look to the board of trustees of said town for pay therefor; that said defendant afterwards went before said board of trustees and saw and talked with them concerning said strip of ground, and improvement of said street, and afterwards saw and talked with these plaintiffs, and expressed herself to them as satisfied with the arrangement so made between her and the said board, and she stood by, from day to day, and saw the plaintiffs doing the work, encouraged them to proceed therewith, and said to them that it would benefit her, and she promised and agreed to pay them therefor when completed. The defendant herein further agreed with the plaintiffs, that if they would deposit certain dirt, then being removed from said street, in a certain low place in her yard, by her designated, she would consent that the improvement might be made. Plaintiff says that they fully performed all the conditions of said agreement on their part, and in good faith, believing that said defendant would comply with her part of said contract, but in that she has

failed. Plaintiffs further aver that before the commencement of said work, as aforesaid, and before the contract was entered into with said board, they took the advice of an attorney at law on the question of the liability of the parties to pay for said work when done, in case it should be performed to the approval of the board of trustees of said town, and he was informed and believed that all the proceedings were regular and under and in accordance with the law then in force upon the statute books of the State of Indiana, for the doing of said work; and they entered into the contract in good faith, believing that they could recover for the improvements so let to them; and they did said work without any knowledge on their part of any irregularity whatever in the proceedings. Wherefore, plaintiffs demand judgment for one hundred dollars, and for foreclosure of the lien, and for all relief right and proper."

It is apparent, from the averments of the complaint, that the proceedings to improve the street were had under the statute enacted and in force April 27, 1869. Sections 4401, 4402, 4403, Burns' R. S. 1894 (sections 3364, 3365, 3366, R. S. 1881). On the former appeal, this court decided that the act of 1869, was impliedly repealed by the act of March 8, 1889. Sections 4288 to 4298, inclusive, Burns' R. S. 1894. The complaint was held insufficient because there was no law in force that authorized the proceedings, in the manner pursued by the town board. But the amended complaint introduces a new element, or principle, into the case, that of equitable estoppel.

The doctrine of estoppel is one of the most important factors in an enlightened jurisprudence. There is no principle of the law which rests upon higher grounds or is founded in more solid considerations of equity and public utility. That which one

induces his neighbor to believe to be true, either by his act or by his passive acquiescence, shall be taken as true, when it has misled his neighbor to his neighbor's injury. This principle secures honesty and fair dealing; relieves from hardship and oppression; prevents wrong and injustice when all other rules fail, and tends to promote the peace and repose of society. It is pre-eminently the shield of the innocent. It is the exalted rule of equity.

In *Daniels* v. *Tearney*, 102 U. S. 415, the court, by Justice Swayne, said: "The principle of estoppel thus applied has its foundation in a wise and salutary policy. It is a means of repose. It promotes fair dealing. It can not be made an instrument of wrong or oppression, and it often gives triumph to right and justice, where nothing else known to our jurisprudence can, by its operations, secure those ends. Like the statute of limitations, it is a conservator, and without it society could not well go on."

According to the averments, the appellants were acting in the utmost good faith; they believed that the statutes under which the town board assumed to act were in force and were valid laws; they had taken legal advice and were so informed. The appellee knew that the improvement was being made; she knew that the appellants were expending their labor upon the improvement; she knew her property was being benefited. She did not protest, object, or forbid it. On the contrary, she stood by, acquiesced in, and consented that the improvement be made. She has received a benefit; her property has been enhanced in value. Shall she or her property receive the benefit of appellants' labor honestly done, and money honestly expended, without making compensation? If so, then she acquires something for nothing, and injustice and wrong will be done. It would be a lame system of

jurisprudence that would sanction such a result. It is here that the principle of estoppel comes to the rescue and prevents injustice.

It has been, time and time again, decided that a property holder who quietly permits money to be expended, or labor to be done by another, which benefits his lands, under a contract with a municipality, or other constituted authorities, is estopped to deny that the municipality or authorities had the power to make the contract. 2 Herman Estoppel and *Res Judicata*, section 1221; *Taber* v. *Ferguson*, 109 Ind. 227; *City of Logansport* v. *Uhl*, 99 Ind. 531; *Ross* v. *Stackhouse*, 114 Ind. 200; *Prezinger* v. *Harness*, 114 Ind. 491.

It is true, that there is a class of cases which hold that where the proceedings are so defective as to be absolutely void; or for want of notice, or for want of jurisdiction of the parties or subject-matter, that the assessments are void and incapable of enforcement. *Kiphart* v. *Pittsburg, etc., R. W. Co.*, 7 Ind. App. 122. But in those decisions the question of estoppel did not enter.

It is said that there was no law at all that authorized the proceedings, and that consequently such proceedings could have no vitality; that the appellants were bound to know the law, and to know that there was no such law in force, and that the labor bestowed under such circumstances was voluntarily done, and no recovery can be had therefor. It must be conceded that there was no law authorizing the proceedings; but there was a statute upon the books that purported to authorize the proceedings. There was the semblance of a law, at the least. Nor does the fact that the lawyer, whom the appellants consulted, was mistaken, prevent the operation of the principle of estoppel. Repeals by implication are not favored. Those who are learned in the law are likely to be misled as

to the repealing effect of one statute upon another, particularly where the latter is silent as to the former. So long as all concerned are acting in good faith, the principle of estoppel applies. Operating under this semblance of a statute, the appellants, in good faith, bestowed labor and expended money that benefited appellee's property. The principle of estoppel is so far reaching that it will often come to the relief of the honest and innocent in the absence of a valid law. An unconstitutional law is a nullity. It has no validity whatever. Every person may disregard it and treat it with contempt. Of itself it can neither confer nor take away rights. Yet such a statute has the semblance of a valid law until declared unconstitutional by the courts; and, until that is done, parties may, in good faith, act under or in pursuance of it. One person may thus secure a benefit and another may suffer an injury. It is well settled that one who receives a pecuniary benefit under an unconstitutional law, may, under certain circumstances, be estopped from denying its constitutionality. This rule applies to the remedies given by the act as well as to the rights acquired under it. The case of *Vickery* v. *Board, etc.*, 134 Ind. 554, is directly in point. It there appeared that an election had been held under the act of the Legislature, authorizing the purchase of toll roads; that a majority of the people of the locality had voted for the purchase; that the purchase was actually consummated, and the bonds of the county issued in payment therefor. At this point a resident taxpayer asked a court of equity to enjoin a tax levy for the payment of the bonds, on the ground that the act authorizing the election and purchase, was unconstitutional. The court held that as the taxpayer had knowingly and passively received the benefits of the statute, he had estopped himself from questioning

its constitutionality. The board of county commis-
sioners was permitted to enforce collection in the
manner adopted by the act. The estoppel went to the
remedy as well as to the rights of the taxpayer. See
section 6957, Burns' R. S. 1894. The case of *Ferguson*
v. *Landram*, 5 Bush (Ky.) 230, is also directly in point.
That was a proceeding to prevent the levying and col-
lection of a tax authorized by a law which had al-
ready been declared unconstitutional. The court held
that as the plaintiffs had knowingly or passively re-
ceived the benefits of the statute, they were estopped
to question its constitutionality. In disposing of the
case, the court used this language: "Upon what prin-
ciple of exalted equity shall a man be permitted to
receive a valuable consideration through a statute
procured by his own consent, or subsequently sanc-
tioned by him, or from which he derived an interest
and consideration, and then keep the consideration
and repudiate the statute?"

See also *Andrus* v. *Board, etc.,* 41 La. Ann. 697;
*Daniels* v. *Tearney, supra; Travis* v. *Ward,* 25 Pac. Rep.
908; Cooley Tax. 89; Bigelow Estop. 509; Burroughs
Tax., section 38.

A person may also waive a constitutional or statu-
tory provision made for his own benefit. *Lee* v. *Tillot-
son,* 24 Wend. 337.

The act of 1869 was a valid law until 1889. It pro-
vided for the improvement of streets in incorporated
towns, by the municipal authorities. It gave to the
contractor a lien upon the property benefited. At
the time the proceedings were had by the board of
trustees, and at the time the work was done, there
was no adjudication by the appellate courts that the
act of 1889 by implication repealed the act of 1869.
There was a semblance of law under which the im-
provement was made. The rights of the appellants

were acquired under it, and the appellee stood by and acquiesced in the improvement. Every step in the proceedings of the town board was taken in the manner directed by the act. She is now estopped to say that there was no valid law, or that the act of 1889 repealed the act of 1869. Nor does this conclusion conflict with the case of *Crawfordsville, etc., Assn.* v. *Clements,* 12 Ind. App. 464. This case is clearly distinguishable from that. There the lot-owner knew that the improvement, a sewer, was being constructed, and that it would benefit his property, and made no objection. When the city came to apportion the costs of construction of the whole improvement, it apportioned the same upon the abutting property according to the lineal feet, while the statute required that the costs should "be apportioned among the lands, lots, and parts of lots benefited and according to the benefits." There was no semblance of law that authorized the assessment to be made in the manner adopted. This court then said that the property owner "had the right to assume that the officers would follow the law." No vigilance of the property owner could protect him or his property from an assessment not authorized by the law under which the proceedings were had. Under the circumstances averred in this case, the appellants, as against the appellee, are entitled to the same rights as if the law of 1869 were still in force. They are entitled to the lien and to the remedy given for its enforcement, and it is the duty of the courts to enforce the remedy and foreclose the lien, the same as if that law were still in existence. The parties to this suit, by their action and conduct, have established their rights and their remedies, and they are to be measured by the act of 1869.

The complaint states a good cause of action for the foreclosure of the lien. It is possibly good, also, for a

personal judgment under section 4402, R. S. 1894, and particularly under the allegations that the defendant promised and agreed to pay for the improvement when completed. A full history of the transaction is given, and if any cause of action is stated the complaint is sufficient. *Smith* v. *Board, etc.,* 6 Ind. App. 153.

This court takes judicial knowledge of its own records, and it may, in the consideration of a case before it, either on its own motion or at the suggestion of counsel, inspect its records. *Denny, Clerk,* v. *State, ex rel.,* 144 Ind. 503. The record shows that prior to the first appeal, in the court below, a demurrer was overruled to the complaint; that the defendant then filed affirmative answers, questioning the regularity and validity of the proceedings by the town board; that the plaintiff then replied the same facts in estoppel that are now contained in the complaint, with the exception of the alleged promise to pay for the work when completed. The appellee's learned counsel insist that the question of estoppel arising on these facts was necessarily involved in our former decision; that it has been adjudicated, and that such decision, whether right or wrong, has now become the law of this case. The contention is, that the same facts in estoppel were then summoned to the rescue of the complaint and of the judgment rendered, and that notwithstanding the court held them insufficient to save the judgment.

It is true that the statutes forbid the reversal of a judgment on account of the overruling of a demurrer to a pleading, or on account of any other defect, when it appears from the whole record that the merits of the cause have been fairly tried and determined. Sections 348 and 670, Burns' R. S. 1894 (section 345 and

658, R. S. 1881). But the whole record of the proceedings in the trial court was not before us on the former appeal. The evidence was not in the record. Without the evidence the court had no means of knowing whether or not the matters in estoppel were involved in the judgment. The plaintiff prevailed in the court below. There may have been no evidence given upon the question of estoppel. It did not appear from the record of the former appeal that the merits of the cause had been fairly tried and determined, or that the judgment rendered was a valid one. If it had so appeared, the judgment would not have been reversed. The foundation of the judgment, the complaint, was swept away at appellee's instigation.

The appellee further insists that the court ought not to consider this appeal, because the record does not show that the amended complaint was filed by consent of the court. The record does show that an amended complaint was filed. That which the court permitted to be done will be presumed to have been done with its consent.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Ross, J., dissents.

Filed March 6, 1896; petition for rehearing overruled June 18, '96.