CITY OF INDIANAPOLIS ET AL. *v.* DILLON ET AL.

[No. 26,804. Filed March 17, 1937. Rehearing denied June 8, 1937.]

Edward H. Knight, James E. Deery, Herbert Spencer, and Michael B. Reddington, for appellants.

Samuel Ashby, Clyde W. Appleman, and Leo X. Smith, for appellees.

ROLL, J.—This action was brought to enjoin the collection of an assessment against the property of appellees, levied as the result of a street improvement proceeding.

It appears from the complaint that North Meridian street from Fifty-Fourth street north to Westfield boulevard had been theretofore improved by constructing a pavement twenty-four feet wide; said pavement was asphalt laid upon a concrete base. That in August, 1929, the city by and through its board of public works adopted improvement resolution No. 14406, for the purpose of widening the above mentioned part of North Meridian street, by constructing a 13 foot strip on either side of said 24 foot pavement. Proceedings were had by the board of public works looking to the completion of said improvement under the provisions of §10440 et seq. Burns R. St. 1926, Acts 1905, Ch. 129, §107. The complaint further shows that the various provisions of said section were fully complied with; that the declaratory resolution was confirmed on September 16, 1929; that the contract for construction was awarded to appellant J. N. Morgan & Son on November 6, 1929; that the improvement was completed according to contract by said Morgan & Son, and the work accepted and on June 30, 1930, the final assessment roll No. 8316 was adopted and approved. That the entire cost of said improvement was assessed against the abutting property owners except street and alley intersections, all in accordance with the provisions of said general statute, §10440 et seq., *supra,* and appellees' property was assessed at $620.55 as special benefits accruing from said street im-

provement. Appellees were notified of the various steps in the progress of said work, all as provided by said statute, but made no objections whatever to said proceedings. After the work was completed and the final assessment roll was adopted, appellees instituted this action to enjoin the collection of said assessment on the theory that the proceeding herein was governed by chapter 25 of the Acts of 1923 as amended by chapter 74 of the Acts of 1929, and not under the general law of 1905 as amended and therefore said assessment was void. The complaint clearly states appellees' position in the following excerpts from their complaint as follows:

"The plaintiffs further allege that under the law the cost of re-surfacing, widening or adding to the roadway of any street which has been heretofore permanently improved with any one of the kinds of modern city pavements as provided in said Resolution No. 14406 of the Board of Public Works and as provided in the contract made and entered into by and between the Board of Public Works of the City of Indianapolis and the defendant J. N. Morgan & Son, on November 6, 1929, is apportioned three-fourths to the City of Indianapolis and one-fourth to the abutting real estate liable therefor.

"Plaintiffs further allege that in violation of the law governing contracts for the re-surfacing or widening of streets which have been permanently improved the Board of Public Works did not assess any of the cost whatever to the City of Indianapolis, but assumed to assess the entire cost of said improvement under said resolution and contract to the abutting real estate. That the purported assessment against the plaintiff's lot hereinbefore described was for at least four times the amount that could lawfully be assessed against the same.

"The plaintiffs further allege that the assessment made against said lot 14 of the Plaintiffs as hereinbefore alleged is invalid and void and made without any authority of law whatsoever.

"The plaintiffs further allege that the improvement covered and described in Resoultion No. 14406 by the Board of Public Works and by said contract entered into by and between the Board of Public

Works of the City of Indianapolis and said J. N. Morgan & Son on the 6th day of November, 1929, for the widening, re-surfacing and improvement of the roadway of North Meridian Street from the north property line of 54th Street to the south east property line of Westfield Boulevard, as hereinbefore alleged, is governed and controlled by the Act set out in Chapter 25 of the Acts of the General Assembly of the State of Indiana of 1923 as amended by the Act set out in Chapter 74 of the Acts of the General Assembly of the State of Indiana of 1929. That said acts govern and control said resolution, improvement and contract and the Board of Public Works, in widening and re-surfacing the street as defined in said Resolution No. 14406 and in said contract with the defendant J. N. Morgan & Son.

"The plaintiffs further allege that the Board of Public Works of the City of Indianapolis has no power or authority under the law to assess more than 25% of the cost of said improvement to the abutting real estate. That said Board of Public Works has no power or authority to refuse to assess 75% of the cost of said improvement under said resolution and contract to the City of Indianapolis. That the action of the Board of Public Works in refusing to assess any part of the cost of said improvement under said resolution and contract against the City of Indianapolis was illegal and void, and that the action of the Board of Public Works of the City of Indianapolis in attempting to assess the entire cost of said street improvements under said resolution and contract against the abutting real estate was illegal, invalid and void.

"The plaintiffs further allege that they are entitled to have the pretended assessment as hereinbefore alleged against their said lot cancelled and set aside and the collection thereof enjoined."

The City and Morgan & Son, appellants herein, answered by special answers reciting and setting forth the various steps taken by the board of public works in pursuant to §10440 et seq. *supra,* and that appellees were notified both by publication of notices and by letter of said proceeding, and that appellees filed no remonstrance, made no objections to any of said proceeding

whatever until the filing of this action. That by reason thereof appellees are estoppel to deny the legality of said proceeding as to the validity of said assessments.

There is no question but that the pleadings herein and appellant's assignment of errors squarely present the question as to whether or not said improvement is controlled by the Act of 1905, Chapter 129, §107 et seq. as amended, or whether the assessments are controlled by Chapter 25 of the Acts of 1923, as amended by Chapter 74, Acts 1929, and if controlled by the later Acts, are appellees estopped to question the validity of said assessments.

The Act of 1905 entitled "An Act Concerning Municipal Corporations" as amended prior to 1923, in express terms granted power and jurisdiction to a city acting by its board of public works to improve and pave streets, including resurfacing and widening thereof, and assess all the cost of any such improvement against the abutting real estate, provided such cost did not exceed the special benefits accruing thereto on account of such improvement. Acts 1905, p. 219-286, Sections 107 to 111; Acts 1921, p. 324-332, §1, Section 10440 Burns R. St. 1926. But appellee contends that the Acts of 1923 (Acts 1923 p. 78) and 1929 (Acts 1929 p. 243) were amendatory and supplemental to said Act of 1905, *supra,* and states,

"If there is a difference and conflict between two Acts of the General Assembly on the same subject the provisions of the last Act governs and controls and repeals by implication the conflicting provisions of the earlier Act. The provisions of the Act of 1905 entitled 'An Act Concerning Municipal Corporations' as amended prior to 1923 giving the board of public works the power and jurisdiction to assess 100% of the cost of widening and resurfacing the roadway of streets which had previously been improved with one of the kinds of modern pavements was changed, modified and repealed by the provisions of Act of 1923 (Acts 1923, page 78)

as amended by Act of 1929 (Acts of 1929, page 243) which expressly provided by mandatory provisions that such cost of widening and resurfacing shall be assessed three-fourths, or 75%, against the city and one-fourth, or 25%, against the abutting property. The provisions are in irreconcilable conflict and it is impossible for both to be the law at the same time; therefore, the provisions of said Acts of 1923 and 1929 were in full force in 1929 and 1930 and the board of public works had no right, power or jurisdiction to act under said Act of 1905 as it stood prior to said Acts of 1923 and 1929."

Appellants contend that the Act of 1923, as amended in 1929 (Acts 1923 p. 78) and (Acts 1929, p. 243), *supra,* is cumulative and provides only an additional method of assessing the cost of the improvement. Appellants also contend that even if the Acts of 1923 and 1929, *supra,* did in fact repeal by implication that part of the 1905 Act in so far as they are in conflict, nevertheless, the board of public works did act under "color of law" and therefore appellees are estopped to question the validity of such proceeding in a collateral attack by a suit to enjoin the collection of the assessments.

The first question stated above, viz: Does the Act of 1923, as amended in 1929, *supra,* repeal by implication the Act of 1905, §10440 Burns R. St. 1926, in so far as they are in conflict, is a question by no means clear, or free from difficulty.

We are not unmindful of what this court said with reference to the question in the case of *Swaim et al.* v. *City of Indianapolis* (1930), 202 Ind. 233, 171 N. E. 871. But what was there said was *obiter dictum* and was so stated in the opinion on rehearing, and therefore not binding on the court as a precedent or authority. In view of the conclusion we have reached and as hereinafter stated, we do not think it necessary to a decision of this case to decide that question and therefore express no opinion thereon.

But assuming, without deciding, that appellees are correct in their position that the Act of 1923, as amended by the Act of 1929, *supra,* repealed the Act of 1905, *supra,* in so far as they are in conflict, nevertheless, we are pursuaded appellees are not entitled to the relief herein sought.

The case of *Cluggish et al.* v. *Koons* (1896), 15 Ind. App. 599, 43 N. E. 158, seems to be in point. In that case, the plaintiff sought to collect a street assessment and to foreclose the lien against defendant's property. The defense was made that the law under which the proceedings were had, had been repealed by implication. In the first appeal of the case, *Koons* v. *Cluggish* (1893), 8 Ind. App. 232, 34 N. E. 651, it appeared that the proceeding were had under a statute in 1869, and it was held that this statute had been repealed by an Act of March 8, 1889, and for that reason the complaint was held to be insufficient, and the cause was reversed. Plaintiff in that case amended the complaint and introduced a new element or principle into the case, that of equitable estoppel. The facts constituting the estoppel are set out in the opinion. The court discusses the doctrine of equitable estoppel and then says (p. 604) :

> "According to the averments, the appellants were acting in the utmost good faith; they believed that the statutes under which the town board assumed to act were in force and were valid laws; they had taken legal advice and were so informed. The appellee knew that the improvement was being made; she knew that the appellants were expending their labor upon the improvement; she knew her property was being benefited. She did not protest, object, or forbid it. On the contrary, she stood by, acquiesced in, and consented that the improvement be made. She has received a benefit; her property has been enhanced in value. Shall she or her property receive the benefit of appellants' labor honestly done, and money honestly expended, without mak-

ing compensation? If so, then she acquires something for nothing, and injustice and wrong will be done. It would be a lame system of jurisprudence that would sanction such a result. It is here that the principle of estoppel comes to the rescue and prevents injustice.

"It has been, time and time again, decided that a property holder who quietly permits money to be expended, or labor to be done by another, which benefits his lands, under a contract with a municipality, or other constituted authorities, is estopped to deny that the municipality or authorities had the power to make the contract. 2 Herman Estoppel and Res Judicata, section 1221; *Taber* v. *Ferguson,* 109 Ind. 227; *City of Logansport* v. *Uhl,* 99 Ind. 531; *Ross* v. *Stackhouse,* 114 Ind. 200; *Prezinger* v. *Harness,* 114 Ind. 491.

"It is true, that there is a class of cases which hold that where the proceedings are so defective as to be absolutely void; or for want of notice, or for want of jurisdiction of the parties or subject-matter, that the assessments are void and incapable of enforcement. *Kiphart* v. *Pittsburgh, etc., R. W. Co.,* 7 Ind. App. 122. But in those decisions the question of estoppel did not enter.

"It is said that there was no law at all that authorized the proceedings, and that consequently such proceedings could have no vitality; that the appellants were bound to know the law, and to know that there was no such law in force, and that the labor bestowed under such circumstances was voluntarily done, and no recovery can be had therefor. It must be conceded that there was no law authorizing the proceedings; but there was a statute upon the books that purported to authorize the proceedings. There was the semblance of a law, at the least. Nor does the fact that the lawyer, whom the appellants consulted, was mistaken, prevent the operation of the principle of estoppel. Repeals by implication are not favored. Those who are learned in the law are likely to be misled as to the repealing effect of one statute upon another, particularly where the latter is silent as to the former. So long as all concerned are acting in good faith, the principle of estoppel applies. Operating under this semblance of a statute, the appellants, in good faith, bestowed labor and expended

money that benefited appellee's property. The principle of estoppel is so far reaching that it will often come to the relief of the honest and innocent in the absence of a valid law. An unconstitutional law is a nullity. It has no validity whatever. Every person may disregard it and treat it with contempt. Of itself it can neither confer nor take away rights. Yet such a statute has the semblance of a valid law until declared unconstitutional by the courts; and, until that is done, parties may, in good faith, act under or in pursuance of it. One person may thus secure a benefit and another may suffer an injury. It is well settled that one who receives pecuniary benefit under an unconstitutional law, may, under certain circumstances, be estoppel from denying its constitutionality. This rule applies to the remedies given by the act as well as to the rights acquired under it. The case of *Vickery* v. *Board, etc.*, 134 Ind. 554, is directly in point. It there appeared that an election had been held under the act of the Legislature, authorizing the purchase of toll roads; that a majority of the people of the locality had voted for the purchase; that the purchase was actually consummated, and the bonds of the county issued in payment therefor. At this point a resident taxpayer asked a court of equity to enjoin a tax levy for the payment of the bonds, on the ground that the act authorizing the election and purchase, was unconstitutional. The court held that as the taxpayer had knowingly and passively received the benefits of the statute, he had estopped himself from questioning its constitutionality. The board of county commissioners was permitted to enforce collection in the manner adopted by the act. The estoppel went to the remedy as well as to the rights of the taxpayer. See section 6957, Burns R. S. 1894. The case of *Ferguson* v. *Landram*, 5 Bush (Ky.) 230, is also directly in point. That was a proceeding to prevent the levying and collection of a tax authorized by a law which had already been declared unconstitutional. The court held that as the plaintiffs had knowingly or passively received the benefits of the statute, they were estopped to question its constitutionality, in disposing of the case, the court used this language: 'Upon what principle of exalted equity shall a man be permitted to

receive a valuable consideration through a statute procured by his own consent, or subsequently sanctioned by him, or from which he derived an interest and consideration, and then keep the consideration and repudiate the statute?' "

The court further commented on the fact, that at the time of the proceeding there had been no adjudication by the Appellate Court that the Act of 1889 by implication repealed the Act of 1869, and stated that there was a semblance of law under which the improvement was made, and therefore appellee was estopped to say that there was no valid law or to question the validity of the proceedings.

In the case of *Wilt et al* v. *Bueter, Treasurer et al.* (1916), 186 Ind. 98, 111 N. E. 926, the principles governing this case are very clearly stated. The action in that case was brought by property owners to enjoin the collection of certain assessments levied against their real estate for placing lamp posts to be supplied and equipped with electric lamps. In addition to the provision for erecting lamp posts equipped for electric lighting, as stated in the declaratory resolutions, the plans and specifications afterwards adopted included provisions for under ground conduits, and electric cables, etc., that was not authorized by the statute under which the proceedings were instituted. The defense was that the plaintiffs had set by and acquiesced in the work with knowledge and hence was estopped to question the assessments. The court in that case stated that (p. 107) :

"A property owner may be estopped from questioning an assessment against his property upon the ground that the proceeding which resulted in the assessment was conducted under an unconstitutional law. *Vickery* v. *Board* (1893), 134 Ind. 554, 32 N. E. 880. A law authorizing the proceedings even though unconstitutional affords color of law and so also does a law which has been repealed by implication. *Cluggish* v. *Koons* (1896), 15 Ind. App. 599, 43 N. E. 158."

The court granted the relief and permitted the injunction, and the following excerpt from the opinion states the the reason for so holding, *Wilt* v. *Beuter, supra* (p. 109):

"In view of the principles announced and the tests applied in the foregoing authorities, the court is of the opinion that no warrant or authority of law existed for a proceeding by the city for the construction of an improvement of the scope and character of the one here shown, to be paid for by assessments against abutting property; and it is the further opinion of the court that no color of law or apparent authority existed by which such proceeding can be justified or sustained. The statute expressly authorized proceedings by which lamp posts might be supplied and the costs assessed to abutting property, but the language used is so plain as to preclude any construction by which its meaning could be so extended or enlarged as to give even colorable authority for a proceeding of the kind here under consideration. A proceeding of this kind which does not rest upon some authority conferred by law is absolutely void. Every person contracting with a city is required to take notice of the limitations on the city's power, and he assumes the danger of the contract's being void for want of such power."

It will be noted that the holding in the above case was predicated upon the proposition that the statute in question was so clear and so free from ambiguity, that there was no room for construction; that it could not furnish even a color or apparent authority by which such proceedings could be justified. The court also said (p. 110):

"It has been frequently held that the owner of property affected by a proceeding based upon color of law may be estopped by his conduct from questioning the validity of an assessment against such property, even though it is void for the reason that there was no actual legal authority upon which such proceeding could rest;"

It was decided in the *Cluggish* v. *Koons* case, *supra,*

that a statute repealed by implication affords color of authority upon which could rest proceedings such a here involved. It will be noted that neither the Act of 1923, *supra,* nor the 1929 Act contains any repealing clause and makes no reference whatever to the 1905 Act. The following quotation from the opinion in *Cluggish et al.* v. *Koons, supra,* is particularly applicable to the question presented to the board of public works and their legal advisors in the prosecution of the proposed work here in question.

> "Repeals by implication are not favored. Those who are learned in the law are likely to be misled as to the repealing effect of one statute upon another, particularly where the latter is silent as to the former. So long as all concerned are acting in good faith, the principle of estoppel applies."

In the case of *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321, the court quotes the following from *Prezinger* v. *Harness* (1888), 114 Ind. 491, 498, 16 N. E. 495:

> "The authorities fully justify the statement that, where an improvement is made under color of statutory proceedings, unless such proceedings are so totally and palpably void as that the person who made the improvement or performed the work must have proceeded with a degree of recklessness that amounted to bad faith, the property-owner who stood by and received the benefits assessed against his property will be estopped to assert the invalidity of the proceedings without first paying, or offering to pay, the benefits." (See authorities cited in the above cases.)

Appellees seek to avoid the force of the above cases and the rule therein announced by the contention that the repeal of the 1905 Act by the Act of 1923 as amended in 1929 was so clear and certain, that no one could be mistaken or misled and hence acted in bad faith and without color of law. We are not able

to concur in this view. We are quite convinced that the determination of this question is fraught with much difficulty, so much so that, even though it be finally determined that such was the effect of the latter statute, there was color of authority for the proceedings herein. There is no charge of actual bad faith or fraud. The case was tried upon that theory and briefed and orally argued in this court upon that theory.

We conclude that the proceeding had by the board of public works in establishing the improvement of North Meridian street which resulted in the assessment against the real estate of appellees, was done, at least, under color of statutory authority, in good faith, and that appellees, by their conduct as shown by the record, are estopped now, after the improvement has been completed, to question the validity of such proceedings. From the record it is evident that a new trial need not be ordered.

Judgment reversed with instructions to the lower court to enter judgment to the effect that appellees take nothing by their complaint.