HEAT TREAT, INC., ET AL. *v.* FIWEK, TREASURER, ETC., ET AL.

[No. 20,186. Filed February 1, 1967. Rehearing denied March 7, 1967. Transfer denied June 30, 1967.]

*Voor, Jackson, McMichael & Rodibaugh, Robert K. Rodibaugh, William E. Voor* and *Isadore D. Rosenfeld,* all of South Bend, for appellants.

*Robert J. DuComb* and *Robert M. Parker,* both of South Bend, for appellees.

FAULCONER, J.—Appellants brought this suit for a permanent injunction to prevent appellees from collecting assessments levied on real property of appellants, after the Board of Public Works of the City of South Bend, Indiana, paved a certain portion of North Side Boulevard in said

city along with appellants' real estate abutted, and to quiet title to said real estate. Appellants contend that the Board of Park Commissioners rather than the Board of Public Works, had the authority and jurisdiction to make the improvements and levy the assessment.

After the issues were joined, trial was to the court on an agreed stipulation of facts. After findings of fact, judgment was entered against appellants, and their motion for new trial, specifying that the decision of the court is not sustained by sufficient evidence and is contrary to law, was overruled. This appeal followed and appellants assign as error the overruling of their motion for new trial.

The record before us discloses that on June 17, 1957, a petition to improve said North Side Boulevard was presented to the Board of Public Works of the City of South Bend. That this petition was signed by appellants Heat Treat, Inc., Zimmer Food Market, Inc., Joseph J. Shafer and Thurston G. Meloy, among other butting property owners. That on the 9th and 16th day of August, 1957, due publication of notice to contractors inviting bids was made, as well as notice to all property owners that said Board would meet on August 20, 1957, for the purpose of "hearing and considering all remonstrances, . . ." That said resolution was confirmed and plans and specifications adopted on August 26, 1957. Publication of notice to bidders was made on August 30, 1957, and on September 6, 1957. On September 16, 1957, the Board entered its preliminary order on said bids; and on the 30th day of September, 1957, notice that plans had been drawn and approved was ordered given to the property owners affected thereby. The Board accepted the Civil City engineer's certificate of completion and a resolution accepting final estimate was filed and notice ordered published on June 6, 1958, and on June 13, 1958, that the Board would hear all interested parties on such improvement on June 16, 1958. That said Board adopted its final assessment role on said

improvements by a resolution to that effect on December 1, 1958. That appellee, Clement C. Fiwek, mailed notices on December 2, 1958, to each appellant advising them of the amount of the assessment levied against their real estate located on said North Side Boulevard.

Appellants commenced their action for temporary injunction on December 19, 1958.

"It may be conceded that an owner of property may be estopped by his conduct from questioning the validity of an assessment against the same, although it is ■ void because there was no actual legal authority upon which it could rest, *if there is color of law to sustain the proceeding upon which such assessment is based.* Unconstitutional laws, or those repealed by implication, or susceptible of more than one meaning, which have not been passed upon by the courts and by reason of such fact might cause persons to be misled and to act to their disadvantage, furnish illustrations of what is meant by the terms 'apparent authority' or 'color of law.' " *Turner* v. *Sievers* (1920), 73 Ind. App. 30, 37-38, 126 N. E. 504; *City of Indianapolis* v. *Dillon* (1937), 212 Ind. 172, 6 N. E. 2d 966.

"So long as all concerned are acting in good faith, the principle of estoppel applies." *Cluggish, et al.* v. *Koons* (1896), 15 Ind. App. 599, 606, 43 N. E. 158.

The case before us is not one where appellants either did not know of the proceedings to improve the street, or, knowing, acquiesced therein, but appellants instigated and ■ fully participated in said proceedings from the beginning. We were informed at the oral argument that all parties proceeded under the mistaken belief that the city had jurisdiction of the street in issue. Even if this fact be excluded, we are of the opinion that justice demands the application of equitable estoppel in this cause. One reason is that a reading of the various statutes presents some semblance of color of law or apparent authority for the action taken by the city.

The second reason is that by appellants' active participation it can reasonably be inferred that had they been aware of the jurisdiction of the Park Board such petition would have been filed with and procedure conducted in and through that body.

We are of the opinion that the statement of this court in *Cluggish, et al.* v. *Koons, supra* (1896), 15 Ind. App. 599, at pages 604-605, 43 N. E. 158, that

> "Shall she or her property receive the benefit of appellants' labor honestly done, and money honestly expended, without making compensation? If so, then she acquires something for nothing, and injustice and wrong will be done. It would be a lame system of jurisprudence that would sanction such a result. It is here that the principle of estoppel comes to the rescue and prevents injustice.",

is applicable to the facts in the case presently before us.

Appellees' motion to affirm which was previously held in abeyance is now denied.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, C. J., Carson and Prime, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 51.