STATE OF IOWA v. BYRON BROOKS, Appellant.

**Inebriates:** WHO MAY FILE INFORMATION. The information in a prosecution charging one with drunkenness may be filed by one in no manner related to the inebriate, provided such person obtains the consent of the district judge for doing so.

**Same:** WAIVER OF JURY TRIAL. On a prosecution for the purpose of committing one to an inebriate hospital for treatment, a defendant who has appeared and been represented by counsel and permitted to introduce such testimony as he saw fit to offer, without demanding a jury, is in no position to contend on appeal that he was deprived of a jury trial.

**Same:** CONSTITUTIONALITY OF STATUTE. One who has appeared to a prosecution for drunkenness and submitted his case to the court without having made an application for a formal trial, as provided by the statute authorizing the proceeding, is in no position to raise the question of the constitutionality of the statute, because not in terms providing for a jury trial.

*Appeal from Hamilton District Court.*—HON. C. E. ALBROOK, Judge.

TUESDAY, MARCH 8, 1910.

DEFENDANT was indicted, tried, and convicted of being addicted to the excessive use of intoxicating liquors, and appeals.—*Affirmed.*

*D. C. Chase,* for appellant.

*H. W. Byers,* Attorney-General and *Charles W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, C. J.—Two citizens of Hamilton County filed a sworn application in the district court of said

county for permission to file information against defendant, charging him with being addicted to the excessive use of intoxicating liquors and a fit subject to be sent to the Inebriate Hospital for treatment. Permission was granted by the trial court, and information was duly filed by the applicants, under which a warrant issued, and defendant was brought into court for trial. The trial jury had at this time been discharged, and the court proceeded to hear the matter, and after a full trial it was ordered that defendant be committed to the hospital for one year, or until cured. The appeal is from this order.

For a reversal of the judgment it is contended (1) that no proper complaint. was filed; (2) that defendant was denied the right of trial by jury; (3) that the statute under which he was tried is unconstitutional, because it does not provide for trial by jury; and (4) that there was no testimony to support the order made.

I. The statute under which the commitment was made, so far as material, reads as follows: "Applications for commitment to said hospital shall be made to the judge of the district court of the district which embraces the county in which the person whom it is proposed to commit resides, and said application may be made in person by any dipsomaniac, inebriate or user to excess of morphine, cocaine, or other narcotic drug, or it may be made against any such person by his wife, or other relative, or by his guardian or by any other person, such person having first obtained the consent of the district judge for so doing." Code Supp. 1907, section 2310a11. It will be noticed that this provides for the filing of an information by one in no manner related to the inebriate, provided such person obtains the consent of the district judge "for so doing." That consent was obtained in this case, and there is no merit in defendant's first contention.

1. INEBRIATES: who may file information.

II. The statute upon this point reads as follows:

"On presentation of the application provided for in section 6 hereof, unless made in person by an inebriate, dipsomaniac, or user to excess of narcotic drugs, the judge shall issue an order, which may be served by any peace officer, directing him to bring the accused person before him for examination, and on his appearance, unless he demands a formal trial, the judge shall hear any evidence which may be adduced touching the accusation. The accused may be represented by counsel and the judge may, if he deems it necessary, require the county attorney of the county where the hearing is had to attend and assist in such hearing. In case said application be voluntarily or involuntarily made and the said judge shall determine that the accused is a proper person to be committed to said hospital, he shall make an order committing him thereto; otherwise he shall be discharged. The term of detention and treatment shall be until the patient is cured and not exceeding three years." Code Supp. 1907, section 2310a12. There is no showing that defendant demanded a formal trial, or that he asked for a jury. He was represented by counsel, however, and was permitted to introduce such testimony as he had to offer. He was given a formal trial, and as he did not demand a jury he is in no position to claim that he was deprived of any of his constitutional rights.

*2. SAME: waiver of jury trial.*

III. The statute quoted does not define what is meant by a formal trial. If it were necessary to support its constitutionality as an abstract proposition to hold that defendant is entitled to a jury, we see nothing to prevent us from holding that the statute provides for a jury trial. By necessary inference defendant is entitled to "a formal trial" if he demands it, and if a jury trial is the only kind which would answer the requirements in a constitutional sense, we should say that a trial by jury was guaranteed by the statute. As defendant did not demand such a

*3. SAME: constitutionality of statute.*

trial, there is no occasion for passing upon the question argued. There seems to be a very decided conflict in the authorities bearing upon the proposition, and we shall not pass upon it now. It is enough to say that the statute is not unconstitutional as an abstract proposition, and that in any event defendant is in no such position that he may challenge it. See, however, as bearing upon the proposition, *In re Ferrier*, 103 Ill. 367 (43 Am. Rep. 10); *Roth v. House of Refuge*, 31 Md. 329; *Farnham v. Pierce*, 141 Mass. 203 (6 N. E. 830, 55 Am. Rep. 452); *State v. Brown*, 50 Minn. 353 (52 N. W. 935, 16 L. R. A. 691, 36 Am. St. Rep. 651); *Wisconsin Industrial School v. Clarke Co.*, 103 Wis. 651 (79 N. W. 422).

IV. The claim that there is a lack of testimony to support the order is without merit. There was ample to show that defendant was addicted to the excessive use of liquor, and that he was a fit subject for treatment in the inebriate asylum.

No error appears, and the order is *affirmed.*