## PHILLIPS *v.* KANKAKEE RECLAMATION COMPANY
### ET AL.

[No. 21,792. Filed June 4, 1912.]

CONSTITUTIONAL LAW.—*Validity of Statutes.—Right to Object.—
Estoppel.*—Where the owner of land affected by reclamation work
undertaken pursuant to §7202 *et seq.* Burns 1901, Acts 1905 p.
376, having knowledge of the improvement, stood by until after
the completion of the work without raising any objection to the
validity of the statute under which the work was done, he is

estopped, on collateral attack by injunction, from asserting the unconstitutionality of the statute under which the improvement was made. p. 34.

From Starke Circuit Court; *John C. Nye,* Judge.

Suit by William B. Phillips against the Kankakee Reclamation Company and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*A. L. Courtright* and *H. A. Sties,* for appellant.

*Wing Eley, Lemuel Darrow* and *Horace S. Oakley,* for appellees.

Morris, J.—Suit by appellant against appellees, the Kankakee Reclamation Company and the auditor and treasurer of Starke county, to enjoin the sale of appellant's lands to satisfy a drainage assessment lien, and to cancel the assessment.

There was a trial by court, and finding and judgment for appellees. Appellant's motion for a new trial, assigning, among other grounds therefor, that the decision is contrary to law and unsupported by sufficient evidence, was overruled, and this action is assigned as error.

There was evidence to show the following facts: In February, 1902, appellee Kankakee Reclamation Company was organized as a corporation under the act approved March 5, 1889 (Acts 1889 p. 104), entitled "An act to authorize and encourage the construction of levees and dikes, and the reclamation of wet and overflowed lands by incorporated associations," etc., as amended by an act approved March 14, 1895 (Acts 1895 p. 376, §§7202-7230 Burns 1901).

At the July, 1902, session, the company filed a petition with the board of commissioners of Starke county, for the construction of a work of reclamation of wet lands in Starke county, and the board appointed three appraisers to assess the benefits and injuries resulting from the proposed construction. The appraisers proceeded with their work, and on November 29, 1902, pursuant to notice, met at Green

hotel, at English Lake, Starke county, for the purpose of hearing objections by landowners to the assessments made. Appellant appeared in person and by attorney at the meeting, and represented that he was in a hurry to catch a train for his home at Evanston, Illinois, and requested another meeting of the appraisers. This request was granted, and he appeared at the subsequent meeting held at Knox, in December, 1902. At that meeting he objected to any assessment of his land, because, as he claimed, it was on a high elevation, and would not be benefited by the work. He did not then raise any objection on the ground that the statute under which the proceedings were instituted was unconstitutional.

Appellant was the owner of several hundred acres of land in the vicinity of the reclamation work, and this land was assessed for the construction of the same in the sum of $1,046.55. There was evidence which showed that appellant's lands were benefited, by the work of reclamation, in an amount greatly in excess of the assessment.

The work consisted in digging a ditch and constructing levees sixteen and ninety-three-hundredths miles in length, and straightening the channel of the Kankakee river, and shortening the channel about twenty-three miles. The assessment of benefits was filed in the office of the county recorder December 23, 1902, and appellant did not appeal from the assessment made. The contract for the work was executed December 17, 1902, and in the following February bonds were issued in the aggregate sum of $40,500, for funds to pay for the construction.

The work was completed January 1, 1906, at which time the remainder of the proceeds of the sale of the bonds was paid to the contractors. Appellant knew of the work of construction as it progressed. Appellant's assessment was placed on the tax duplicate, but was not paid.

In February, 1906, appellant filed his complaint in the Starke Circuit Court, in which it is alleged that all the

proceedings had with reference to said reclamation work were illegal and invalid, because the above act is void as being in violation of article 1, §§12, 21 of the Constitution of Indiana, and §1, 14th amendment of the Federal Constitution; that by reason thereof this assessment against his lands is void; that the county treasurer is about to sell his lands to satisfy the pretended lien of the assessment, and he prays that the threatened sale be enjoined and the assessment be canceled.

Each defendant filed an answer, which, among other things, averred the facts that were disclosed by the evidence, as above set forth in this opinion. Demurrers were overruled to these answers, and appellant assigns such action as error.

Appellees contend that appellant, after standing by, with knowledge of the improvement, and making no protest against the construction until after the completion of 1. the work which benefited his land, is estopped, on collateral attack by injunction, from asserting the unconstitutionality of the statute under which the improvement was made.

The rule for which appellees contend has been recognized by this court. In *Daly* v. *Gubbins* (1908), 170 Ind. 105, 82 N. E. 659, which was an action to foreclose a street improvement lien, this court said on page 112: "It follows also that appellants are in no position to challenge the constitutionality of the statute, and we are not required to pass on that question." In *Vickery* v. *Board, etc.* (1893), 134 Ind. 554, 32 N. E. 880, which was a suit to enjoin a tax levy to pay county bonds issued for the purchase of a toll road, this court said: "One who receives a benefit under an unconstitutional law is estopped from denying its constitutionality."

The same rule is recognized in other jurisdictions. *Musco* v. *United Surety Co.* (1909), 196 N. Y. 459, 90 N. E. 171, 134 Am. St. 851; *City of Mt. Vernon* v. *State, ex rel.* (1904), 71 Ohio St. 428, 73 N. E. 515, 2 Ann. Cas. 399, 104 Am. St.

783; *Eustis* v. *Bolles* (1888), 146 Mass. 413, 16 N. E. 286, 4 Am. St. 327; *Pierce* v. *Somerset R. Co.* (1898), 171 U. S. 641, 19 Sup. Ct. 64, 43 L. Ed. 316; *McGinness* v. *Davis* (1901), 7 Idaho 665, 65 Pac. 364; *State* v. *Brooks* (1910), 146 Iowa 295, 125 N. W. 168; *Deering & Co.* v. *Peterson* (1898), 75 Minn. 118, 77 N. W. 568; *O'Dea* v. *Mitchell* (1904), 144 Cal. 374, 77 Pac. 1020; *Shepard* v. *Baron* (1904), 194 U. S. 553, 24 Sup. Ct. 737, 48 L. Ed. 1115; *Cram* v. *Chicago, etc., R. Co.* (1909), 85 Neb. 586, 123 N. W. 1045, 19 Ann. Cas. 170 and note page 181; *Luken* v. *Lake Shore, etc., R. Co.* (1911), 248 Ill. 377, 94 N. E. 175, 140 Am. St. 220, 21 Ann. Cas. 82; 11 Cyc. 584; 8 Cyc. 791.

It has been held on numerous occasions by this court and the Appellate Court, that one who stands by, and without objection sees his property benefited by a public improvement, is estopped to deny the legality of the proceedings under which the improvement was made. *Board, etc.,* v. *Plotner* (1897), 149 Ind. 116, 48 N. E. 635, and cases cited; *Prezinger* v. *Harness* (1888), 114 Ind. 491, 16 N. E. 495; *Ricketts* v. *Spraker* (1881), 77 Ind. 371; *Hellenkamp* v. *City of Lafayette* (1868), 30 Ind. 192; *City of Logansport* v. *Uhl* (1885), 99 Ind. 531, 50 Am. Rep. 109; *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321; *Cluggish* v. *Koons* (1896), 15 Ind. App. 599, 43 N. E. 158.

All the errors assigned here are predicated on the theory that the statute in controversy when enacted, was unconstitutional. Under the facts in this cause, appellant is estopped from raising that question, and consequently it is not here considered.

Judgment affirmed.

Note.—Reported in 98 N. E. 804. See, also, 8 Cyc. 791; 69 Am. Dec. 204.