## THOMPSON v. MITCHELL ET AL.

[No. 7,771. Filed December 11, 1912. Rehearing denied February 14, 1913. Transfer denied October 16, 1913.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Foreclosure of Assessment Liens.*—*Defenses.*—Under §8714 Burns 1908, Acts 1905 p. 219, §109, the question of special benefits to property by reason of a street improvement is deemed conclusively determined by and in the proceedings before the board of public works, although it is provided that in a foreclosure suit thereunder a property owner may contest the amount of his assessments. p. 260.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Foreclosure of Assessment Liens.*—*Defenses.*—Where a contractor sues to foreclose a street improvement assessment lien, a right of action in favor of defendant against the city for changing the grade of the street without taking the proper preliminary steps, and without compensation for the damages occasioned, will operate neither to bar nor abate such suit. p. 261.

3. PLEADING.—*Answer in Abatement.*—*Demurrer.*—*Judgment.*—Where the demurrer to an answer in abatement was sustained and defendant was ordered to plead over, and it was further "ordered, adjudged and decreed by the court that the plaintiffs recover of and from the defendant their costs and charges laid out and expended up to this time and taxed at $—," such ruling and judgment substantially complies with §371 Burns 1908, §365 R. S. 1881, prescribing the judgment where the issue on a plea in abatement is found against defendant, and such judgment is in no way an adjudication on the merits of the action. p. 261.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure of Assessment Liens.—Attorney's Fees.—Statutes.*—The provision of §8714 Burns 1908, Acts 1905 p. 219, §109, allowing the recovery of a reasonable attorney's fee in a contractor's action thereunder for the foreclosure of a street improvement assessment lien, must be construed with, and the amount of attorney's fee recoverable thereunder is limited by, §8721 Burns 1908, Acts 1905 p. 219, §116, which provides that in actions by the holders of bonds given on account of such public improvement, where the amount delinquent exceeds fifty dollars, the attorney's fee recoverable shall not exceed ten per centum on the first one hundred dollars and five per centum on the excess thereof. p. 262.

From Montgomery Circuit Court; *Joseph Combs,* Special Judge.

Action by Joseph N. Mitchell and another against Alice Lee Thompson. From a judgment for plaintiffs, the defendant appeals. *Affirmed conditionally.*

*Claude Thompson,* for appellant.
*Thomas & Foley* and *Jones & Murphy,* for appellees.

IBACH, C. J.—The complaint of appellees was in the form authorized by §8714 Burns 1908, Acts 1905 p. 219, §109, for the foreclosure of a lien for an assessment made against appellant's property in the city of Crawfordsville on August 31, 1908, for improvement with brick pavement and cement curbs of a portion of Wabash Avenue in said city, pursuant to a resolution of the common council of said city passed on July 22, 1907, and a contract for the construction of said improvements entered into between plaintiffs and said city on October 26, 1907. Appellant has specifically waived her assignment of error relating to the sufficiency of the complaint, and therefore it stands unchallenged.

Appellant filed a verified paragraph of answer in abatement in which she answered that, prior to the year 1905, the city had established the grade of Wabash Avenue in front of her real estate described in the complaint, and improved the street in conformity; and she had improved her property to conform to said grade; that afterwards, by the construc-

tion in front of her real estate of the brick pavement and cement curbs referred to in the complaint, the grade of the street was raised and it was greatly narrowed in width, depriving her property of free access at grade to the street, destroying its drainage, and otherwise damaging her to the extent of $1000; that said changes were made by plaintiffs and the city without any resolution of necessity or final order for the making of the same having first been adopted and passed by the common council, or the damages occasioned by said changes first being assessed and tendered, wherefore the plaintiffs and the city were without authority to construct or cause to be constructed in such manner by the plaintiffs such cement curb and brick paving in front of said real estate, and that said council was without jurisdiction to make the alleged assessment against said real estate or this defendant on account of such completion thereof, that the court was without jurisdiction in the premises, and plaintiffs are not entitled to maintain this action, and defendant asked that the same abate, and she recover costs. The court sustained a demurrer to this answer in abatement, and this ruling is assigned as error.

By §8714, *supra*, it is provided that in foreclosure suits under this section no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made. Though this section provides that a property owner may contest the amount of his assessments, he may not contest the question of special benefits, for these are deemed conclusively determined by and in the proceedings before the board of public works. §8716 Burns 1908, Acts 1905 p. 219, §111; *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863. If the theory of appellant's answer was that damages to her property caused by the improvement had not been allowed, and she thus sought to contest the question of special benefits, or the regularity of the improve-

ment proceedings, she was precluded from pleading such in this action by the statute. If on the other hand, her

2. theory was to set up a right of action, similar to that brought by the plaintiff in the case of *City of Lafayette* v. *Nagle* (1888), 113 Ind. 425, 15 N. E. 1, against the city for changing the grade of a street without taking proper preliminary steps, and without compensation to her as a property owner for damages occasioned, such an action would neither bar nor abate the present action of plaintiffs to foreclose their assessment lien.

Appellant contends that the judgment rendered on the demurrer to the plea in abatement was a judgment on the merits, precluding, on the grounds of *res adjudicata*,

3. any further proceedings in the case. The record shows that the court sustained the demurrer to the answer in abatement, and ordered that the defendant plead over. Then follows the entry, "it is ordered, adjudged and decreed by the court that the plaintiffs recover of and from the defendant their costs and charges laid out and expended up to this time and taxed at $——." It is provided by §371 Burns 1908, §365 R. S. 1881, that if the issue on a plea in abatement "be found against the answer, the judgment must be that the party plead over, and against him for all costs of the action up to that time." The ruling and judgment upon the plea in the present case are substantially in compliance with the statute, and the judgment entered could in no event be held an adjudication on the merits. Nor do the authorities cited by appellant support her contentions.

The findings of fact are sufficiently supported by evidence. The court's conclusions of law thereon were, "that there is due the plaintiffs on their complaint the sum of $685.35, principal and interest on their assessment against the property of the defendant as herein above found, and the further sum of $150 as and for their attorney's fees, and that they are entitled to a judgment without relief from valuation or

appraisement laws foreclosing their lien against the property described in plaintiff's complaint in the total sum of $835.35, and the costs of this action.'' These conclusions were

4.   correct upon the facts found, except as to the amount of attorney's fees. Among the errors assigned by appellant is, that the amount of recovery was excessive. §8714 Burns 1908, *supra,* provides that the plaintiff in a foreclosure proceeding like the present may recover a reasonable attorney's fee. This statute must be construed in the light of §8721 Burns 1908, Acts 1905 p. 219, §116, which provides "that the owner of the bonds hereinbefore provided for, or in case no bonds have been issued, then the person to whom is due and owing the amount of such unpaid assessments for the performance of such work shall have the right to proceed in any court of competent jurisdiction to enforce the lien of so much of the assessments as is due and unpaid, recovering interest, costs, and have proceeds of sale applied upon his claim. * * * In no case shall attorney's fees exceed fifty per centum of the amount of the delinquent installment or assessment or where the delinquent installment or assessment sued on exceeds fifty dollars, such attorney's fees shall not exceed ten per centum on the first one hundred dollars and five per centum on the excess thereof.'' This section, of course, does not limit counsel's charges, but it does limit the amount of attorney's fees recoverable against the defendant, and makes that amount a matter of simple computation. Upon the amount of the assessment in this case the statutory fee would be $39.27. It follows therefore that the amount of recovery assessed by the court was too large by $110.73.

It is therefore ordered that the judgment of the lower court be affirmed at the costs of appellee, subject to the condition that appellee will within thirty days from this date enter upon the judgment of the court below, as of the date of such judgment, a remittitur of $110.73, and file the certificate of the clerk of such court with the clerk of this court

that such remittitur has been so made, otherwise judgment will be reversed at costs of appellee.

NOTE.—Reported in 100 N. E. 20. See, also, under (1) 28 Cyc. 1227; (4) 28 Cyc. 1244.