HAISLUP v. UNION ASPHALT CONSTRUCTION COMPANY.

[No. 9,857.   Filed May 29, 1919.]

MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments.—*
*Failure to Object.—Estoppel.*—Under §§8710, 8714, Acts 1909 p.
412, where a property owner fails to avail himself of his right
to object to the improvement of a street, but stands by and
silently watches the completion of the work, he cannot avoid
payment for the benefits he has received, even if the proceedings
under which the improvement was made are void.

From Marion Circuit Court (25,982); *Louis B.
Ewbank,* Judge.

Action by Alfred T. Haislup against the Union
Asphalt Construction Company, in which defendant
cross-complained. From a judgment for defendant,
the plaintiff appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appel-
lant.

*Caleb S. Denny, George L. Denny, Eugene C. Miller*
and *Joseph W. Miller,* for appellee.

NICHOLS, P. J.—Appellant filed his complaint in the
Marion Circuit Court against the appellee to quiet
title to certain real estate in the city of Indianapolis,
located within 150 feet of New York street, in said
city, which said real estate was subject to assessment
lien for the improvement of a portion of said street
passing in front of said real estate. Appellee filed
his cross-complaint in such cause against appellant
to foreclose said lien. Issues were formed on both
the complaint and the cross-complaint, and there was
a trial by the court, which resulted in a finding and
judgment against the appellant on his complaint, and

a finding and judgment against the appellant on the said cross-complaint, foreclosing the appellee's lien as set up in his cross-complaint. Appellant filed his motion for a new trial, which was overruled, to which ruling of the court appellant excepted, and now prosecutes this appeal.

The only error relied upon for a reversal is the overruling of appellant's motion for a new trial, which alleges as errors that: "(1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law."

As there were two cases tried, one on the complaint, and one on the cross-complaint, counsel for appellee question whether the motion for a new trial and the assignments therein are sufficient to present any matter for our consideration. We note, however, that this case seems to be a test case, and that thirty-six other parties who think themselves aggrieved are awaiting the result of this suit. We therefore deem it better to decide the case on its merits.

The complaint was in the usual short form to quiet title.

The cross-complaint avers in substance that: On April 14, 1915, the board of public works of the city of Indianapolis adopted a declaratory resolution, No. 7888, for the improvement of New York street, from the east property line of Randolph street to the west property line of Jefferson avenue, in said city, with full details, drawings and specifications for said work which were then on file in the office of said board; that appellee was one of the parties who submitted bids, and, being the lowest bidder, was awarded the contract for the construction of said improvement. The costs and expenses of said work were to be as-

sessed against, and collected from, the owners of the lots and parcels of land bordering on and adjacent thereto, according to their benefits. On June 23, 1915, appellee entered into an agreement with such board for such improvement, and gave his bond for the faithful performance of his agreement, which was approved. The appellee completed said work in accordance with the specifications and stipulations of the agreement to the satisfaction of the board, and the same was duly accepted. At the time the contract was let appellant owned, and still owns, certain real estate, describing it, adjacent to the part of said street improved. The board made and adopted an assessment roll on November 8, 1915, which was finally approved on November 19, 1915, assessing each lot bordering on or adjacent to said street its pro rata share, the assessment against appellant's lot being $27.99, said sum to be paid by appellant to appellee. That such assessment has been a lien on appellant's said real estate since June 23, 1915, together with interest thereon since November 19, 1915. Said sum is due and unpaid. The lot cannot be divided and sold in parcels. More than fifteen days before this suit was commenced, appellant was notified by mail of the above assessment and of the place of payment, but he has wholly failed and refused to pay the same. Cross-complainant has been compelled to employ an attorney, and that a reasonable fee for such attorney is $25. It is provided in §8714 Burns 1914, Acts 1909 p. 412, that in such foreclosure suits no defense shall be allowed upon any irregularity in the proceedings making, directing, or ordering such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made. It is fur-

ther provided by said section that it shall not be necessary in any foreclosure suit to set forth or refer to the proceedings at length or specifically, but it shall be sufficient to state in such complaint the day on which such contract was finally let, the name of the street or highway improved, the amount and date of the assessment, that the assessment is unpaid, and description of the lot or property upon which the assessment was levied. Upon the trial of such foreclosure suit it shall not be necessary to introduce proof of the various proceedings before said board preliminary to the final assessment, but it shall be sufficient to introduce said final assessment roll, or a copy thereof, properly certified, which said roll shall be *prima facie* evidence that all steps required to be taken preliminary thereto were regularly and properly had and taken by and before said board.

By §8710 Burns 1914, *supra,* being a part of the same act as §8714, *supra,* it is provided that, in the event of the execution of any contract for any public improvement, the validity of such contract shall not be subsequently questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of said contract, or prior to the actual commencement of the work thereunder.

In the trial of the issues, the appellant introduced no evidence. Appellee not only introduced the final assessment roll, which under the statute, as above set out, was all that he was required to do, to make a *prima facie* case, but he further showed that appellant's land against which he sought to enforce his lien was within 150 feet of the street improved, and that appellant lived thereon during all of the time said

improvement was being made; that he had notice, both by publication and by mailing, of the resolution to improve, and of the time set for its hearing; that appellant did not join with forty per cent. of the owners of property abutting on said street, and liable for assessment for the costs of improvement, in filing objections within five days after the making of the final order for the improvement as allowed by §8710, *supra,* nor was such objection filed by any one; that, though he lived on his property within 120 feet of said improvement during all the time the same was being made, and, of course, must have known that the same was being made, he did not at any time object thereto, and did not within ten days after said contract was made, or at any time, bring suit to enjoin the performance thereof; that notice of the time and place of hearing objections to the final assessment was given by publication as required by law, but appellant did not appear at said time. These facts conclusively show that the appellant and his property were both subject to the jurisdiction of the board, and that, under the law as above set out, he had his remedy had he chosen to use it. Having failed to assert it under the law, and having stood by and silently watched the improvement, he cannot now avoid the payment for the benefits he has received (*Anheier* v. *Fowler* [1913], 53 Ind. App. 535, 102 N. E. 108), not even if the proceedings under which the improvement is made are void. *Vickery* v. *Board, etc.* (1893), 134 Ind. 554, 32 N. E. 880; *Phillips* v. *Kankakee Reclamation Co.* (1912), 178 Ind. 31, 98 N. E. 804, Ann. Cas. 1915C 56.

The judgment is affirmed.