CITY OF HAMMOND, IND., et al. v. CALUMET COAL & SUPPLY CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2718.

1. COURTS ☞489(2)—FEDERAL COURT MAY ENTERTAIN INJUNCTION SUIT WHERE VALIDITY OF STATE STATUTE IS INVOLVED.

Where enforcement of an alleged unconstitutional municipal ordinance would subject complainant to successive fines aggregating a large amount, it is not required to resort first to the state courts, but may maintain a suit for injunction in a federal court.

2. MUNICIPAL CORPORATIONS ☞121—APPLICANT FOR PERMIT UNDER ORDINANCE NOT ESTOPPED TO DENY VALIDITY.

That complainant applied for a building permit under a city ordinance *held* not to estop it to attack the validity of the ordinance on refusal of its application.

3. MUNICIPAL CORPORATIONS ☞625—UNREASONABLE ORDINANCE INVALID.

An ordinance prescribing conditions for granting a permit for the use of property for a wood, coal, or lumber yard *held* invalid as unreasonable.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by the Calumet Coal & Supply Company against the City of Hammond, Ind., and members of its Board of Public Works. From an order granting preliminary injunction, defendants appeal. Affirmed.

W. J. Whinery, of Hammond, Ind., for appellants.
Charles W. Moores, of Indianapolis, Ind., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This suit was started by appellee, hereinafter known as Company, against appellants, the city of Hammond, hereinafter known as City, and its board of public works, to enjoin the City from enforcing against the Company the following ordinance, passed by the City:

"Section 3. Any person, firm or corporation hereafter desiring to locate, build, erect and maintain, or establish and maintain a coal, lumber or wood yard upon any block or square in said city, shall file with the board of public works his or its petition for a permit, which shall properly describe the parcel of ground upon which it is proposed to locate such coal, lumber or wood yard, and the same shall be signed by a majority of the property owners owning property upon both sides of the street between the two nearest intersecting streets of said proposed location, of such coal, lumber or wood yard. Thereupon said board of public works shall cause forthwith written notice to be given by letter addressed and mailed to each of the property owners owning property as aforesaid, stating in such notice that at a time and place therein named, the said board will consider the petition for a permit to erect or es-

―――――――

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tablish such coal, lumber or wood yard; and if the board of public works, after hearing, be satisfied that the petition is properly signed by a majority of the property owners as aforesaid, then in that event a permit shall be granted by said board of public works to such applicant to erect or establish such coal, lumber or wood yard; and thereupon the city controller shall be authorized to issue a permit to erect and maintain or establish and maintain such coal, lumber or wood yard.

"Section 4. Any person, firm or corporation who shall violate any of the provisions of this ordinance shall be fined in any sum not less than twenty-five dollars ($25.00), nor more than three hundred dollars ($300.00), and every day that such ordinance is violated shall constitute a separate offense.

"Section 5. And be it further ordained and provided that any coal, lumber or wood yard erected or established in violation of this ordinance shall be deemed a nuisance and may be abated as such; and it is hereby made the duty of the building inspector of the city of Hammond to abate the same as a nuisance by proper steps taken."

The Company, desiring to establish a coal yard upon lot B of Eder's addition to Hammond, on January 8, 1919, filed a petition signed by the Company and Giles T. Warner, trustee, as owner of said lot, with the board of public works, asking for a permit. Property owners residing on Detroit street filed objections. A public hearing was had and other objections were filed. On February 5, 1919, the petition was denied. The petition was amended, and again denied. On February 18th the Company commenced a suit in the Lake county circuit court of Indiana to enjoin the City. The City there filed an answer similar to its answer here. That suit was dismissed and this suit was commenced on February 25, 1919, in the District Court of the United States for the District of Indiana.

The bill is based upon the claim that the ordinance is in contravention of the Fourteenth Amendment of the Constitution of the United States. The prayer is that the ordinance shall be adjudged invalid and that the City and its agents shall be restrained from in any way enforcing said ordinance.

On February 28th the City filed its answer, insisting upon the validity and the enforcement of the ordinance. On March 7th Judge Anderson granted a temporary restraining order, and the City appealed for the purpose of having the restraining order dissolved.

[1] It is argued that the federal court should not entertain jurisdiction but that the Company should be left to work out its rights in the state courts of Indiana, with the ultimate right to come into the federal courts if it shall be found that a federal question is involved.

Not counting the time spent by the Company in its endeavors to get a permit prior to the commencement of this suit, 255 days have elapsed to this date. If the Company had established its yard, it would, if the ordinance is valid, be liable to a minimum penalty of not less than $6,000 and a maximum penalty of $36,000 up to this date, exclusive of losses in improvements and to business, if interrupted.

Even under the rule in Cavanaugh v. Looney, 248 U. S. 453, 39 Sup. Ct. 142, 63 L. Ed. 354, decided by the United States Supreme Court on January 13, 1919, cited by the City, the Company has a right to have its case heard here, and it would be inequitable and unjust and serve no good purpose to send it to the state courts.

[2] It is argued that, because the Company asked for a permit

under the ordinance, it thereby waived any right to challenge the validity of the ordinance.

If the ordinance is invalid, it is clear that the board of public works had no power to act. The principal authority cited in support of City's contention that the Company is estopped is Phillips v. Kankakee Reclamation Co., 178 Ind. 31, 98 N. E. 804, Ann. Cas. 1915C, 56. It will not be necessary to do more than quote the rule stated in that case to show that it has no application whatever to the facts here.

"One who receives a benefit under an unconstitutional law is estopped from denying its constitutionality."

·"One who stands by and without objection sees his property benefited by a public improvement is estopped to deny the legality of the proceedings under which the improvement was made."

No stretch of the imagination can picture any benefit received or that could be received by the Company. The whole act was in derogation of its rights.

[3] The City insists that the ordinance is valid. We are of opinion that the city of Hammond had authority to enact legislation of the general character attempted in the ordinance in question, but that the ordinance is invalid because it does not represent a reasonable exercise of power.

It is doubtful if the Company's property comes within any fair definition of a "block or square." It is certain that, except as the end of Hink street, or the end of Detroit street, whichever it may be, touches 30 feet of the north side of the west end of the property, and except that there is a thirty foot street, or alley, which would be an extension of Hink street, between the property in question and the property east of it, there is no street touching the property, between two intersecting streets. There is no one disclosed by the record who had the right, under the terms of the ordinance, to either consent to or oppose a permit. The property owners on Detroit street did not come within the terms of the ordinance.

The only authority the board of public works had was to give notice to the property owners coming within the terms of the ordinance, and "if it, after hearing, be satisfied that the petition is properly signed by a majority of the property owners" described, then to grant a permit. The ordinance gives to the majority property owners (might be one or more) who happen to own property on a street situated as specified in the ordinance, the power for any reason, or no reason, arbitrarily, to prevent any property owner from using his property for a coal, lumber or wood yard, no matter where or how it is situated. It also, in effect, gives the same men the power to brand any such property as a nuisance, which may be abated if its owner dares to use it as a coal, lumber or wood yard. Such an ordinance is unreasonable and invalid. Eubank v. Richmond, 226 U. S. 137, 33 Sup. Ct. 76, 57 L. Ed. 156, 42 L. R. A. (N. S.) 1123, Ann. Cas. 1914B, 192; Cusack Co. v. City of Chicago, 242 U. S. 531, 37 Sup. Ct. 190, 61 L. Ed. 472, L. R. A. 1918A, 136, Ann. Cas. 1917C, 594.

The action of the District Court in granting the temporary restraining order is affirmed.