### THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* YATES.

[No. 23,415.    Filed January 14, 1921.]

1. LIS PENDENS.—*Improvement Lien.—Foreclosure.—Attorney's Fees.*—Since §8721 Burns 1908, Acts 1907 p. 257, requiring *lis pendens* notice to be filed in order to recover attorney's fees in the foreclosure of an improvement lien, was repealed by Acts 1909 p. 412 (§8721 Burns 1914), which omitted the provision as to *lis pendens* notice, it was not necessary to file such notice in order to recover attorney's fees in such a proceeding. p. 113.

2. MUNICIPAL CORPORATIONS.—*Improvement Lien.—Foreclosure. —Attorney's Fees.—Amount.—Evidence.—Admissibility.*—In an action to foreclose an improvement lien, it was error to allow an attorney's fee in excess of the maximum amount authorized by statute (§8721 Burns 1914, Acts 1909 p. 412), though it was permissible to admit testimony as to what would be a reasonable fee even if the witness placed the amount above the maximum limit. p. 114.

3. COSTS.—*Appeal.—Remittitur.*—On appeal by a landowner from a judgment in an action to foreclose an improvement lien, where the only question of merit raised was the excessiveness of the attorney's fee, and the statute limiting such fee was not called to the court's attention, the amount being attacked only on the general ground that the amount of the recovery was too large, and the error in allowance of the fee clearly appearing in the special findings and conclusions of law, the Supreme Court will, in view of §§703, 706 Burns 1914, §§661, 664 R. S. 1881, adjudge the costs against the appellant on appellee entering a remittitur of the excess allowed on the attorney's fee. p. 115.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Wilbur L. Yates against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company.

From a judgment for the plaintiff, the defendant appeals. *Affirmed on condition.*

*G. E. Ross,* for appellant.
*Felt & Forney,* for appellee.

EWBANK, J.—This was an action by the appellee to foreclose a lien for a street improvement against certain lands used as a right of way by the appellant. It was commenced March 15, 1916. Upon proper request the court made a special finding of the facts and stated conclusions of law thereon in favor of the appellee, upon which it rendered a judgment in favor of the appellee for the amount of his demand, with interest and an attorney fee, with the foreclosure of a lien for the total amount of the judgment.

The appellant has assigned as error the overruling of his demurrer to the complaint, the overruling of his motion for a new trial, and error in the conclusions of law.

Under the latter assignment it is urged that the trial court had no authority to allow an attorney fee of $50, on foreclosing an improvement lien for an

1. amount which, exclusive of interest, amounted only to $290.33. Counsel say that "the *lis pendens* required by the statute was not filed," and cite §8721 Burns 1914 (Acts 1909 p. 412, §3) as the authority referred to. But that statute contains no such provision. Counsel may have had reference to the section of the same number in Burns 1908 (Acts 1907 p. 550, §3) which, during the two years that it was in force, did require a *lis pendens* to be filed in order that attorney fees might be recovered. But that was superseded and repealed by the act of 1909.

It is further insisted that under the express provisions of §8721 Burns 1914, *supra,* "in cases in which

the assessment exceeds fifty dollars, the attorney's fees shall not exceed 10 per cent. on the first one hundred dollars and 5 per cent. on the excess thereof." This point is well taken, and it was error for the court to allow an attorney fee in excess of $19.50. *Thompson* v. *Mitchell* (1913), 54 Ind. App. 258, 262, 100 N. E. 20. But the "constitutional question" on which this appeal was brought to the Supreme Court was fourteen years ago decided by this court against this same appellant in a former appeal. *Pittsburgh, etc., R. Co.* v. *Taber* (1907), 168 Ind. 419, 77 N. E. 741, 11 Ann. Cas. 808. And since the statute (§8714 Burns 1914, Acts 1909 p. 412, §3) only authorized the allowance of "a reasonable attorney fee," while fixing the maximum at a named per cent. of the assessment, there was no error in admitting evidence of what would be a reasonable fee, even though the witness testified that a reasonable fee would be more than the maximum fixed by the statute.

Each of the other numerous questions presented by the record and argued in appellant's brief have been decided against the appellant in well-considered cases, which appellant does not attempt to distinguish, nor even refer to in its brief. We shall therefore content ourselves with citing those cases as being of controlling force in this case. *Daly* v. *Gubbins* (1908), 170 Ind. 105, 82 N. E. 659; *Lehman* v. *City of Goshen* (1912), 178 Ind. 54, 98 N. E. 1, 98 N. E. 710; *Schaefer* v. *Hines* (1914), 56 Ind. App. 17, 102 N. E. 838; *Pittsburgh, etc., R. Co.* v. *Taber, supra; Phillips* v. *Kankakee Reclamation Co.* (1912), 178 Ind. 31, 98 N. E. 804; *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, 102 N. E. 108; *Haislup* v. *Union Asphalt, etc., Co.* (1919), 70 Ind. App. 308, 123 N. E. 426.

It is quite probable that, if counsel for the appellant had cited to the trial court and to opposing counsel the

3. statute limiting the amount of the fee, and the case of *Thompson* v. *Mitchell, supra,* at the time of presenting the motion for a new trial, and had frankly pointed out that the attorney fee allowed was too large, a remittitur of the excess would have been ordered and entered, without delay or expense, and that feature of the case would have been disposed of some years ago. But the exception to the conclusions of law was in general terms; the motion for a new trial merely alleged, in equally general terms, that there was "error in the assessment of the amount of recovery the same being too large"; and a transcript embracing a bill of exceptions containing all of the evidence was filed, when the error in the amount of the attorney fee clearly appeared from the special finding and the conclusions of law. We feel that, in view of the foregoing, the court should adjudge the costs against the appellant if a remittitur shall now be entered for the excess allowed on the attorney fee. §§703, 706 Burns 1914, §§661, 664 R. S. 1881.

It is ordered that, if appellee shall within thirty days enter a remittitur for $30.50, with the interest accrued thereon from the date of the finding (June 15, 1917), this cause shall be affirmed, at the costs of the appellant. If such remittitur is not so entered within thirty days from this date, then the judgment shall be reversed, and a new trial ordered, at the costs of the appellee. (Proof of remittitur filed 17 days later.)